WHITE (DYSON v.). See Case No. 4,231.

## Case No. 17,547.

### WHITE v. FENNER.

[1 Mason, 520.] ¹

Circuit Court, D. Rhode Island. Nov., 1818.

JURISDICTION OF CIRCUIT COURT—DIVERSE CITIZENSHIP.

The circuit court has no jurisdiction of suits between citizens of different states, except where one of the parties is a citizen of the state, where the suit is brought.

Assumpsit. The plaintiff was described in the writ as a citizen of Virginia, and the defendant as a citizen of New York. The defendant at the time of the service of the writ upon him was in Rhode Island, and was there arrested.

Mr. Searle, for defendant, moved the court to dismiss the suit for want of jurisdiction, the defect being apparent on the face of the writ. And he cited, as decisive of the point, the eleventh section of the judicial act of 1789, c. 20 [1 Stat. 78].

Tristram Burgess, for plaintiff, e contra.

BY THE COURT. This court has no jurisdiction, which is not given by some statute. The 11th section of the judicial act of 1789, c. 20, declares, that the circuit court shall have original cognizance, among other cases, of suits "between a citizen of the state, where the suit is brought, and a citizen of another state." No clause of this or any subsequent act has enlarged this jurisdiction, so as to embrace the present case. The constitution declares, that it is mandatory to the

³ [Reported by Hon. William Cranch, Chief Judge.]
¹ [Reprinted by permission.]
² [Affirming 2 Fed. 112.]

¹ [Reported by William P. Mason, Esq.]

legislature, that the judicial power of the United States shall extend to controversies "between citizens of different states"; and it is somewhat singular. that the jurisdiction actually conferred on the courts of the United States should have stopped so' far short ·of the constitutional extent. That serious mischiefs have already arisen, and must continually arise from the present very limited jurisdiction of these courts, is most manifest to all those, who are conversant with the administration of justice. But we cannot help them. The language of the act is so clear, that there is nothing on which to hang a doubt. Neither of the parties in this suit is a citizen of the state, where the suit is brought. The suit must, therefore, be dismissed. Suit dismissed.