### BROOKS *v.* BAILEY.

*(Circuit Court, D. Vermont.  October Term, 1881.)*

CIRCUIT COURT JURISDICTION—CITIZENSHIP.

In a suit which has been brought in a circuit court of the United States, it is immaterial, so far as the jurisdiction of the court is concerned, of what one of the states the plaintiff is a citizen, provided the parties are citizens of different states.

In Equity.

*Eleazer R. Hard,* for plaintiff.

*George Wilkins* and *Henry Ballard,* for defendant.

WHEELER, D. J. This is a bill in equity in which the orator sets himself up as of Boston, in the state of Massachusetts, and a citizen of that state, and the defendant as of Stowe, in the state of Vermont, and a citizen of that state. The defendant has pleaded that at the time of the bringing of the bill he was, and now is, a citizen of the state of New Hampshire, and that neither he nor the orator then was or now is a citizen of the state of Vermont; and this plea has been argued. By the provisions of the constitution the judicial power of the United States was made to extend to controversies between citizens of different states. Article 3, § 2. By the judiciary act of 1789, congress conferred upon the circuit courts jurisdiction of all suits of a civil nature, at common law or in equity, of the required amount, between a citizen of the state where the suit is brought and a citizen of another state. Chapter 20, § 11; 1 St. at Large, 78.

At the same time, it was provided that no civil suit should be brought therein against an inhabitant of the United States by original process in any other district than that whereof he should be an inhabitant, or wherein he should be found, at the time of serving the writ. Id.

These provisions continued in force until the act of March 3, 1875. Rev. St. § 629; Id. § 739. The former was the law which conferred jurisdiction in this class of cases; the latter was a limitation upon the place where suits might be brought for the ease of defendants. Both were operative in determining where the place might be. *McMicken* v. *Webb*, 11 Pet. 25. The act of March 3, 1875, extended the jurisdiction to all suits of a civil nature, at common law or in equity, of the required amount, in which there should be a controversy between citizens of different states, without limiting it to depend at all upon citizenship of either party in the state where the suit should be brought; but retained the limitation upon the bringing of suits in other districts than that whereof the defendant should be an inhabitant or in which he should be found. It has been argued that because this limitation is in substantially the same language in the act of 1875 that it was in the act of 1789, it must receive substantially the same construction that it had always borne. This would be correct if it were to be applied to the same jurisdiction otherwise conferred; but it is not. This provision in the act of 1789 was only to be applied in determining in which district of the two states, between whose citizens jurisdiction of suits was given, the suit must be brought. In the act of 1875 it is to be applied in determining in which district of all the states, between the citizens of any two of which jurisdiction of suits is given, the suit must be brought. Under the latter act this court, in common with other circuit courts, has jurisdiction of all suits, of the required amount, between citizens of different states among all the states, while under the former it had jurisdiction only of suits between citizens of this state and those of some other of all the states. The suit could be brought only in the district where the defendant resided or was found, under either. That this defendant was found in this district when the process was served is not denied, and therefore the right to bring the suit in this district is not denied.

Plea overruled.   Defendant to answer over by January rule-day.