COUNTY OF YUBA *v.* PIONEER GOLD MIN. Co. and others.

*(Circuit Court, N. D. California.   August 29, 1887.)*

**1. REMOVAL OF CAUSES—ACT OF MARCH 3, 1887.**
 Under section 1 of the removal act, as amended by an act of March 3, 1887, the circuit court cannot take cognizance of a suit brought against a party in a district of which he is not an inhabitant; and section 2 does not authorize the removal of a suit brought in a state court against a party not an inhabitant of the district.

**2. SAME.**
 Section 2 of said act, as amended, does not authorize the removal of a suit from a state court to the United States circuit court, which could not have been originally brought in said circuit court.

*(Syllabus by the Court.)*

*A. L. Rhodes,* for plaintiff.
*Wm. M. Stewart,* for defendant.

Before FIELD, Justice; SAWYER, Circuit Judge; and SABIN, District Judge.

SAWYER, J., (FIELD, Justice, and SABIN, J., *concurring.*)   The county of Yuba—a county of the state of California—brought a suit in equity, in the superior court of Yuba county, against the Pioneer Gold Mining Company, and the Cleveland & Sierra Gold Mining Company,—two corporations,—both organized in the state of Nevada, and existing under the laws of that state.   The defendant, the Pioneer Gold Mining Company, removed the case from the state court to the United States circuit court, under the act of March 3, 1887, on the ground that the complainant is a citizen of the state of California, and the defendants are citizens of the state of Nevada.   The question now presented, is, whether the act of March 3, 1887, authorizes a removal of this case? and we are all of the opinion that it does not.   So far as applicable to this question, the act of 1887, § 1, provides that, "the circuit courts of the United States shall have *original cognizance,* concurrent with the courts of the several states, of all suits of a civil nature, at law, or in equity,   * * *   in which there shall be a controversy between citizens of different states,   * * *   and no civil suit shall be brought before either of said courts, against *any* person, by any original process of [doubtless, intended to be 'or'] proceeding, *in any other district than that whereof he is an inhabitant.*"

The habitation of a corporation, is, necessarily, in the state under whose laws it exists.   It can have no other, and it is only recognized in other states and countries, upon principles of comity.   Clearly, under the express and pointed prohibitory clause quoted, under this section alone, the suit could not have been originally brought in this court; and it could not have original jurisdiction, or, in the language of the act, "original cognizance," because a suit anywhere in the state of California, would not be in the district whereof either of the defendants is an inhabitant.

It is insisted on the part of the party removing, that the prohibitory clause is limited by the words, "original process of proceeding;" that

the prohibition does not extend to cases brought before the court by any other than "original process of proceeding," and does not prohibit a removal of a suit from a state court. But section 1, to which we must look for jurisdiction, does not provide for, or authorize, the obtaining of jurisdiction by removal, or otherwise. It defines and limits the jurisdiction of the courts, and goes no further. Section 2 is the section, that authorizes removals, and declares what cases may be removed. The clause of section 2 which covers this case, if any, authorizes the removal of "any other suit of a civil nature, at law or in equity, *of which the circuit courts of the United States are given jurisdiction by the preceding section,*" —that is to say, by section 1. But section 1 does not give jurisdiction of a suit brought against defendants, who are not inhabitants of the district wherein the suit is brought. Such a suit cannot be brought in the circuit court, nor can the court obtain jurisdiction under section 1. Strike section 2 from the act, and no jurisdiction at all could be obtained. If the court can have jurisdiction by removal, therefore, it must get it by virtue of the provisions of section 2, and not of the provisions of section 1; and section 2 only authorizes a removal of a case over which jurisdiction is given by section 1, thus referring to section 1 for the classes of cases that are authorized to be removed. Section 2, therefore, does not reach this case. It is clear to our minds, that congress only intended to authorize the removal of such cases, as could be brought originally, in the United States courts, and in the court to which the removal is to be made.

A consideration of the statute, as it stood before the amendment, and the practice under it apparently sought to be changed, sustains this view. The limiting prohibition in section 1 of the old statute, was in these words: "And no civil suit shall be brought before either of said courts, against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, *or in which he shall be found at the time of serving such process, or commencing such proceeding.*" Thus, a party under the old act, could be sued out of the district of his residence, provided he could be found, and served in another district, where the suit was brought. But this last clause was cut off by the amendment, and now he cannot be sued, at all in the national courts, out of the district whereof he is an inhabitant. So, under section 2, of the act before the amendment, in the case of "any suit at law, or in equity," with the other necessary requisites "between citizens of different states," "either party may remove said suit into the circuit court," etc., without any limitation by reference to the first section giving jurisdiction. Under this act, it was the practice, to bring a suit in the state court, get such service as they could, by publication of summons, and the defendants would often, then, appear, and remove the case, or the plaintiff, after appearance of defendant, would, remove it; and thus a large number of cases, which could not be originally brought in the circuit courts, was brought into those courts from the state courts in this roundabout way. The present act was, apparently intended to abolish this practice, and in many other respects to limit the jurisdiction of the

circuit courts. One mode of limiting the jurisdiction was to cut off, by amendment, the authority to entertain jurisdiction of all cases against parties residing out of the district, whether found in the district or not, by omitting the clause quoted from section 1; and another. was, by amending the general language of section 2, by introducing the limitation of the right of removal to suits over which the courts had jurisdiction by section 1; that is to say, to such suits as could be, originally, brought in the circuit court. If this be not the proper construction, then it is difficult to perceive, what office these amendments, making such express limitations, were intended to perform. They were, certainly, introduced for a purpose, and that purpose seems obvious to us. The clause in section 1, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought *only* in the district of the residence of either plaintiff, or defendant," is prohibitory in form. It does not *enlarge* the jurisdiction, or confer jurisdiction in a case otherwise expressly prohibited.

We are of opinion that the removal of this case is not authorized by the statute, and it was improperly removed. It follows that the case must be remanded to the state court, with costs, and it is so ordered.