PITKIN COUNTY MIN. Co. *v.* MARKELL *et al.*

*(Circuit Court, D. Colorado.   December 15, 1887.)*

REMOVAL OF CAUSES — DISTRICT IN WHICH SUIT MAY BE BROUGHT — ACT OF MARCH 3, 1887.

Act of congress of March 3, 1887, § 1, provides that no civil suit shall be brought in the United States courts against any person "in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." Section 2 adopts this limitation as defining the cases which may be removed. Plaintiff, a resident corporation of Colorado, sued defendants, one of whom was a citizen of Minnesota and one of Wisconsin, in a Colorado court, and defendants removed the case to the United States court for the district of Colorado. *Held*, that it was properly removed, as coming under the provisions of the second clause of section 1 of the above act.

Motion to Remand to State Court.

The Pitkin County Mining Company, plaintiff, a Colorado corporation, sued Clinton Markell, a citizen of Minnesota, and Foster, a citizen of Wisconsin, in a state court of Colorado. Defendants removed the case to the United States circuit court, and plaintiff moved to remand

*Patterson & Thomas,* for complainant.

*Ward & Reuter,* for defendant.

HALLETT, J. These suits were brought in the courts of the state, and thence removed by defendants into this court under the act of March 3, 1887. 24 St. at Large, 552. In the petitions for removal, defendants allege that plaintiff is a Colorado corporation, and that defendant Markell is a citizen of Minnesota, and defendant Foster is a citizen of Wisconsin, and that they were such citizens at the commencement of the suits. Therefore the question presented is whether a suit by a citizen of this state against citizens of other states in a court of this state may be removed into this court under the act of 1887, on petition of the defendants.

In support of the motions to remand, it is contended that the first section of the act of 1887 limits the jurisdiction of circuit courts to cases where the defendants, or some of them, are inhabitants of the district in which the court has jurisdiction, and this limitation is adopted by the second section, as defining the cases which may be removed. The paragraph of section 1 relating to this matter reads as follows:

"But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Standing alone, that part of this clause which declares that "No civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," would afford strong support to the plaintiffs' position. But it does not stand alone; it is modified by the words following it, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." And, so modified, the law is that a suit may be brought in the district where the plaintiff resides whenever the defendant can be found therein, even when the defendant is not an inhabitant of such district. That this is the proper construction of the act is clearly shown by the debate in the senate on March 3, 1887, which will be found in volume 18 of the Congressional Record, p. 2724, as follows:

*Mr. Mitchell,* of Oregon. *I should like to know from the judiciary committee, or the senator having the bill in charge, if it does not change the law where a suit is brought by a citizen of one state against a citizen of another*

state, when the federal jurisdiction arises solely out of that fact, so that a suit may be brought in either the district where the plaintiff resides or the defendant resides? Is there not a radical change in the law in that respect?

*Mr. Wilson,* of Iowa. No; I do not think there is a radical change.

*Mr. Mitchell,* of Oregon. Does not the first section, if it should become a law, enable a person residing in New York, for instance, to sue a person residing in the state of Oregon, for instance, by bringing a suit in the state of New York?

*Mr. Edmunds.* No; quite the reverse. He could only sue in Oregon.

*Mr. Mitchell,* of Oregon. I do not understand it that way. What does this mean? "But no person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." What I wish to call attention to is what follows: "But where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant." What does that mean if it does not enable a person residing in the state of New York to sue a citizen of the state of Oregon in the district of New York, when the jurisdiction arises solely because of the fact that the suit is between citizens of different states?

*Mr. Wilson,* of Iowa. I do not think that is a change of the section of the law that this bill proposes to modify.

*Mr. Mitchell,* of Oregon. Does the senator mean to say that that is the law now?

*Mr. Wilson,* of Iowa. That is the law now.

*Mr. Mitchell,* of Oregon. The act which the pending bill proposes to amend, the act of March 3, 1875, in the first section, speaking of jurisdiction, provides as follows: "But no person shall be arrested in one district for trial in another in any civil action before a circuit court or district court; and no civil suit shall be brought before either of said courts [that is, before the circuit or the district court] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings." That being the existing law, as I understand it, when a person wishes to sue an inhabitant of the state of California, he must go into that state, and bring his suit there, unless he happens to find the person he wishes to sue in some other district, and then he may sue there. Now, it is proposed to change that, as I understand.

*Mr. Hoar.* In the first place, the existing law allows a suit to be brought in the United States court between citizens of different states for amounts exceeding $500. That is put up to $2,000. In the next place, it allows a plaintiff to sue a defendant, a citizen of another state, wherever he catches him all over the United States. That is the existing law; but the proposed change in the law is that he can only sue him, they being citizens of different states, either in the defendant's state, or, if the defendant happens to be in the district of the plaintiff's home, then in the plaintiff's district. So, instead of the sixty or seventy districts which, by the existing law, the plaintiff can sue him in, there are only two left. Suppose the defendant goes to the plaintiff's home, and is found there,—a man doing business there: the plaintiff can sue him in the state court, and the defendant can take him to the United States court. It is certainly reasonable that the plaintiff should be permitted, in the first instance, to take him into the United States court.

*Mr. Mitchell,* of Oregon. My friend then understands this section to mean that if the plaintiff, for instance, lives in the state of New York, and the defendant lives in the state of California, then the plaintiff may either go to Cal-

ifornia and sue there, or, if he happens to find him in the state of New York, he may sue him there; but he cannot sue him anywhere else.

*Mr. Hoar.* That is it exactly; and in the state of New York, without this proposed statute, he can take him into the New York state courts, and the defendant then can remove the cause to the United States court.

*Mr. Mitchell,* of Oregon. I have no objection if that is the construction; but it seems to me that this latter part of the clause enables a plaintiff to bring suit in the district where the defendant does not reside, and where he is never found.

*Mr. Hoar.* In all the districts where both parties reside in the same state, the state court is presumed to have jurisdiction between the parties.

*Mr. Mitchell,* of Oregon. Then the senator holds that, where the United States jurisdiction attaches only on the fact that the action is between citizens of different states, the suit shall be brought only in the district of the residence of either the plaintiff or defendant, qualified by what is herein provided.

*Mr. Wilson,* of Iowa. Undoubtedly.

*Mr. Mitchell,* of Oregon. If that is the construction, I think it is a strained construction.

*Mr. Wilson,* of Iowa. Instead of widening the present provision in regard to the bringing of suits out of the district of the residence of either party, it contracts it, and requires all suits to be brought either in the district of the plaintiff's or of the defendant's residence where he may go.

*Mr. Edmunds.* Just what the law of nearly every state is.

The construction for which the plaintiff contends gives effect to that part of the section only which declares that suit shall not be brought in any other district than that whereof the defendant is an inhabitant, and excludes the words next following. There is no warrant or authority in any recognized rule of construction for thus accepting one part of an act of congress, and rejecting another part. The circuit court of California, referring to the last clause above quoted, says it "is prohibitory in form. It does not *enlarge* the jurisdiction, or confer jurisdiction in a case otherwise expressly prohibited." *County of Yuba* v. *Mining Co.*, 32 Fed. Rep. 183. As to the form, it may be conceded that it is prohibitory; and so is the next preceding clause on which that court relies to the exclusion of the other. But it is not a question of form. A thing forbidden except in a specified time and manner, is allowed according to that time and manner. When it is said, "where the jurisdiction is founded on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," the meaning is that, in such cases, suit may be brought in the district of the plaintiff or of the defendant. It may be that the last clause embraces the first, and that the first might have been omitted without changing the sense. But this is no reason for accepting the first to the exclusion of the last. The suggestion in the California case about enlarging the jurisdiction is not easily understood. Having provided in the first clause of section 1 that circuit courts should have jurisdiction of controversies between citizens of different states, it was necessary further on to designate the courts which should have cognizance of such cases with reference to the residence of the parties. This was all that was attempted in the clauses under consideration, and therein and

throughout the act the purpose was to restrict rather than to enlarge the jurisdiction as it existed under the prior act of 1875.

Other provisions of the act of 1887 strongly enforce this construction of section 1. By section 8 of the act of 1875 (18 St. 472) it was provided "that where, in any suit, commenced in any circuit court of the United States, to enforce any legal or equitable lien upon, or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property, within the district where suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear," and so on, providing for service for a defendant in another state, or by publication as may be practicable. Section 5 of the act of 1887 (24 St. 555) declares "that nothing in this act shall be held, deemed, or construed to repeal or affect any jurisdiction or right mentioned * * * in section 8 of the act of congress of which this act is an amendment." This provision was not in the bill when it passed the house of representatives, but was afterwards inserted by the senate. 18 Cong. Rec. 647.

If, as claimed by the plaintiff, a circuit court has no jurisdiction of a non-resident defendant, why should so much care be taken to provide for service on such defendants in another state? It is true that this section refers only to a special class of cases in which the title to real or personal property is involved; but they are as much within the general language of section 1 of the act of 1887 as are any other cases; and the argument that no suit can be brought in a circuit court against a non-resident defendant is in the very teeth of this section. So, also, the second clause of section 2, of the act of 1887, under which these causes were removed, is expressly limited to non-resident defendants. In volume 24 of the statutes, that clause is made a part of the first clause of the same section, and there may be some confusion from reading the two clauses as one: There should be a period after the word "district" in the eighth line from the top. In the report of the proceedings of the senate on the bill (18 Cong. Rec. 272) it is correctly punctuated. That clause reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

The argument is that the class of persons here referred to as entitled to remove a cause from a state to a federal court,—that is to say, non-resident defendants,—cannot exist under the first section of the act, and therefore this clause defeats itself, and it shall be held to be of no force or effect. But that argument cannot be accepted in the face of such explicit language as that quoted from the act. If in the first section of the act there are no words to confer jurisdiction over non-resident defendants in

a case removed from a state court, this clause would go far towards establishing it.    But, as we have seen, the right of a plaintiff to sue in the district of his residence a non-resident defendant, is recognized in the first section, and the language of section 2 accords fully with the avowed intention of congress in passing the act.    I quote from the report of the judiciary committee of the house, made March 17, 1886, on the bill to amend the act of 1875, (House Rec. 2441) as follows:

"The next change proposed is to restrict the right to remove a cause from the state to the federal court to the defendant.    As the law now provides, either plaintiff or defendant may remove a cause.    This was an innovation on the law as it existed from 1789 until the passage of the act of 1875.    In the opinion of the committee, it is believed to be just and proper to require the plaintiff to abide his selection of a forum.    If he elects to sue in a state court when he might have brought his suit in a federal court; there would seem to be, ordinarily, no good reason to allow him to move the cause.    Experience in the practice under the act of 1875 has shown that such a privilege is often used by plaintiffs to obtain unfair concessions and compromises from defendants who are unable to meet the expenses incident to litigation in the federal courts remote from their homes."

And in the discussion of the bill in the house of representatives on its passage, the intention was expressed to take from plaintiffs the right of removal conferred by the act of 1875, and to limit such right to defendants.    18 Cong. Rec. 647.

In view of the intention of congress, as expressed in these proceedings and the act itself, it seems impossible to say now that no right of removal exists under the act of 1887.    If any case can arise under the statute between citizens of different states for the removal of a cause from a state to a federal court, these cases must come within the rule.    A resident plaintiff suing non-resident defendants invokes the reason upon which the constitutional provision and the acts of congress relating to the jurisdiction of courts in cases of this kind is said to rest.    Upon similar facts the circuit court of California reached a different conclusion in the case cited above; and as no other case was referred to by counsel, it is thought proper to state at some length the reasons upon which the authority of that case is denied.

The motions to remand will be overruled.