## COOLEY v. McARTHUR et al.

*(Circuit Court, E. D. Michigan.   July 2, 1888.)*

1. REMOVAL OF CAUSES—ACTION AGAINST NON-RESIDENT—ALIEN ACT OF 1887.
    The circuit courts of the United States have jurisdiction, by removal, of a
    suit begun in a state court by a resident citizen against a non-resident alien
    defendant, notwithstanding the provision of the act of 1887 that "no civil suit
    shall be brought before either of said courts against any person by any orig-
    inal process or proceeding in any other district than that whereof he is an
    inhabitant."[1]

2. SAME.
    In such case jurisdiction exists by virtue of the citizenship of the plaintiff
    and alienage of the defendant, and the provision that the defendant shall
    not be sued in any other district than that of which he is an inhabitant is only
    a privilege, of which he may or may not avail himself, as a personal exemp-
    tion from suit within such other jurisdiction.[1]

*(Syllabus by the Court.)*

On Motion to Remand.

This was an action of tort begun in the circuit court for the county of
Wayne by a citizen of Michigan against non-resident alien defendants,
and removed to this court upon petition of defendants.   Plaintiff moved
to remand upon the ground that defendants, not being inhabitants of
of this district, within the meaning of section 1 of the act of March, 1887,
the case is not one of which this court would have had original jurisdic-
tion, and therefore, under section 2, it can have no jurisdiction by re-
moval.

*Alfred Russell*, for plaintiff.

*H. C. Wisner*, for defendants.

BROWN, J.   By the first section of the act of March, 1887, the circuit
courts are given original cognizance of all suits of a civil nature involv-
ing upwards of $2,000, in which there shall be "a controversy between
citizens of a state and foreign states, citizens, or subjects," with the fur-
ther ·proviso that "no civil suit shall be brought before either of said
courts against any person by any original process or proceeding in any
other district than that whereof he is an inhabitant," with an excep-
tion. to this proviso not necessary to be noticed here.   By the second
section the right of removal is limited to cases "of which the circuit
courts of the United States are given original jurisdiction by the preced-
ing section," and a further clause provides that such right can only be
exercised "by the defendant or defendants therein being non-residents of
that state."   It necessarily follows that, if this court would have original
jurisdiction of an action against a non-resident alien, we have jurisdic-
tion of this case; otherwise, not.   The language of the first section indi-
cates very strongly that if the defendant chose to plead in abatement of
such a suit the plea would be sustained.   We regard it as clear, however,
that if such plea were not interposed, and the defendant pleaded in bar,

[1] See note at end of case.

it would be a waiver of such plea, and the judgment would be valid. The difficulty arises from a misapprehension of the distinction between cases of which a court has not jurisdiction, and cases in which the defendant is privileged from suit within the jurisdiction. In the first class of cases all the facts necessary to give the court jurisdiction must be averred in the pleadings, or the judgment will be a nullity. In the second class no averment is necessary; the privilege is one which may be waived, and is waived by a plea of the general issue.

The case under consideration falls within the latter category. As the action is between a citizen and an alien, and it so appears by the pleadings, the court has jurisdiction of the case; and as the defendants themselves have invoked this jurisdiction, their action is a clear waiver of any personal privilege as to them, and it does not lie in the mouth of the plaintiff to make the claim for them. The distinction here drawn is by no means a novel one. So long ago as 1823 Mr. Webster moved to dismiss the case of *Gracie* v. *Palmer*, 8 Wheat. 699, upon the ground that there was no averment in the record that the defendant in the circuit court was an inhabitant of the district, or was found therein at the time of serving of the writ. Mr. Chief Justice MARSHALL stated, however, that the uniform construction under the judiciary act had been that it was not necessary that this averment should appear upon the record; "that it was sufficient if the court appeared to have jurisdiction by the citizenship or alienage of the parties. The exemption from arrest in a district in which the defendant was not an inhabitant, or in which he was not found at the time of serving of the process, was the privilege of the defendant, which he might waive by a voluntary appearance; that if process was returned by the marshal as served upon him within the district, it was sufficient; and that where the defendant voluntarily appeared in the court below, without taking the exception, it was an admission of the service, and a waiver of any further inquiry into the matter." In the more recent case of *Ex parte Schollenberger*, 96 U. S. 369–378, Mr. Justice WAITE observed:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases; and certainly jurisdiction will not be ousted because he has consented."

See, also, *Page* v. *City of Chillicothe*, 6 Fed. Rep. 599.

In the light of these authorities there can be no question that, if this suit had originally been begun in this court, and the defendant had, with or without service of process upon him, entered his appearance and pleaded to the merits, the court might have lawfully proceeded with the the case; in other words, the court would have had full jurisdiction. Practically the same view of this question is taken by Judge SHIRAS in *Fales* v. *Railway Co.*, 32 Fed. Rep. 673–676, and by Judge HAMMOND in *Gavin* v. *Vance*, 33 Fed. Rep. 84. It results that the motion to remand must be denied.

## NOTE.

REMOVAL OF CAUSES—CITIZENSHIP OF PARTIES—ACT MARCH 3, 1887. Under act Cong. March 3, 1887, defining the jurisdiction of federal courts, which provides that when jurisdiction is founded on the fact that the action is between citizens of different states suit shall be brought only in the district where either the plaintiff or defendant resides, an action brought in the state court of plaintiff's district against a non-resident defendant may be removed to the federal court by the defendant, Tiffany v. Wilce, 34 Fed. Rep. 230; and he may remove it to the federal court of the district of which plaintiff is a resident, Mining Co. v. Markell, 33 Fed. Rep. 386; Swayne v. Insurance Co., *ante*, 1. But a defendant cannot remove a cause brought in a state court of the state of his residence. Anderson v. Appleton, 32 Fed. Rep. 855; Weller v. Tobacco Co., Id. 860.

Foreign corporations sued in a state court by a citizen of the state have a right to remove the cause, under the statute. Wilson v. Telegraph Co., 34 Fed. Rep. 561; County Court v. Railroad Co., *ante*, 161; Railroad Co. v. Ford, Id. 170.