## FOULK v. GRAY et al.

(Circuit Court, S. D. West Virginia. September 17, 1902.)

1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF PARTIES.

A suit brought in a court of a state of which neither party is a resident is not removable into a federal court on the ground of diversity of citizenship under the judiciary act of 1887–88 unless both plaintiff and defendant waive objection to the jurisdiction of such court. Such suit is one of which that court would not have had jurisdiction in the first instance except by consent of both parties, nor can it acquire jurisdiction by removal without such consent, and plaintiff cannot be held to have waived his right to object by bringing the suit in a state court.

2. SAME—WAIVER· OF OBJECTION TO JURISDICTION.

The defendant in such case, however, submits himself to the jurisdiction of the federal court by filing a petition for removal; and where, after the removal, the plaintiff invokes or consents to an order of the court relating to matters in controversy, he thereby waives the right to thereafter object to its jurisdiction.

On Motion to Remand to State Court.

Campbell, Holt & Duncan, for plaintiff.

Vinson & Thompson, for defendants.

KELLER, District Judge. This was a suit originally brought in the circuit court of Mingo county, W. Va.,· by the plaintiff, a citizen and resident of Ohio, against the defendants, all of whom are citizens and residents of Kentucky. The suit was brought for an accounting under a contract made by the plaintiff for the sale of certain logs to defendants, and the manufacture of the same into lumber, etc. The bill also prayed for the appointment of a receiver, and a receiver was appointed in vacation of the state court, and without any notice to defendants, upon the averments of the bill. At March rules, 1902, the defendants filed in the clerk's office of the state court their petition, accompanied by bond in due form, setting up the fact that they, and each of them, are, and were at the time of the institution of this suit, citizens, residents, and inhabitants of the state of Kentucky, and that the plaintiff, J. H. Foulk, is, and at the time of instituting said suit was, a citizen, resident, and inhabitant of the state of Ohio; that the matter in controversy exceeds in value the sum of $2,000·; that defendants have not in any way appeared in said suit, and that the time to plead or answer has not yet expired, etc.; and praying that the court proceed no further, except to make an order for the removal of the

---

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

cause to the circuit court of the United States for the Southern district of West Virginia. On March 3, 1902, the said petition came on for hearing, and the court thereupon ordered that the cause "be hence transferred and removed for trial to and in the circuit court of the United States for the Southern district of West Virginia, and that this court proceed no further therein." The plaintiff has moved in this court that the cause be remanded to the circuit court of Mingo county, W. Va., because this court is without jurisdiction in the premises.

This motion raises a most interesting question, and one which has been variously decided by the United States circuit and district courts, but which, under the present act (act of March 3, 1887, as corrected by act of August 13, 1888 [U. S. Comp. St. 1901, p. 508] ), does not appear to have been directly passed upon by the supreme court of the United States. This question is said by Mr. Dillon, in his work on "Removal of Causes," to be well settled in favor of the right of removal in a case like the present. Judge Dillon's view is justified, treated as a statement derivable from the number of cases which have upheld that view, as compared with the number holding the opposite view; but, after a most careful investigation, I am forced to the conclusion that the cases which uphold the right of removal in a case like the present are not founded upon the best and most careful reasoning. Without now going into the history of the cases which hold either against or for the right of removal, I will cite the following cases in which the different views are advanced: As against the jurisdiction, the cases of Yuba Co. v. Pioneer Gold Min. Co. (C. C.) 32 Fed. 183; Telegraph Co. v. Brown (C. C.) 32 Fed. 337; Harold v. Mining Co. (C. C.) 33 Fed. 529; Pitkin Co. Min. Co. v. Markell (C. C.) 33 Fed. 386; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Cooley v. McArthur (C. C.) 35 Fed. 372; Tiffany v. Wilce (C. C.) 34 Fed. 230; Central Trust Co. v. Virginia, T. & C. Steel & Iron Co. (C. C.) 55 Fed. 769. Among the cases ruling that the jurisdiction in a case like the present will attach upon removal are Cowell v. Supply Co. (C. C.) 96 Fed. 769; Creagh v. Society (C. C.) 83 Fed. 849; Duncan v. Associated Press (C. C.) 81 Fed. 417; Long v. Long (C. C.) 73 Fed. 369; Sherwood v. Mississippi Valley Co. (C. C.) 55 Fed. 1; Bank v. Pagenstecher (C. C.) 44 Fed. 705; Uhle v. Burnham (C. C.) 42 Fed. 1; Amsinck v. Balderston (C. C.) 41 Fed. 641; Burck v. Taylor (C. C.) 39 Fed. 581; Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 3; First Nat. Bank v. Merchants' Bank (C. C.) 37 Fed. 657, 2 L. R. A. 469; Hulbert v. City of Topeka (C. C.) 34 Fed. 511; Wilson v. Telegraph Co. (C. C.) 34 Fed. 561; Fales v. Railroad Co. (C. C.) 32 Fed. 673; and Whitworth v. Railroad Co. (C. C.) 107 Fed. 557, where many of the cases sustaining the jurisdiction are cited.

Notwithstanding that, numerically speaking, the trend of authority is distinctly in favor of the proposition last decided in Whitworth v. Railroad Co., supra, I have been able to find no authority which is strictly binding upon this court and as my views, derived from a construction of the act of March 3, 1887, in accordance with what I be-

lieve to be true principles, and in accordance with the trend of prior decisions of the supreme court of the United States upon kindred questions, lead me to an opposite conclusion, I feel impelled to set those views forth at some length.

First, then, I would say that the circuit and district courts of the United States have no jurisdiction except as it is conferred upon them by statute. They themselves are the creatures of statute, under the permissive power for their establishment provided in article 3 of the constitution of the United States, and the authority for the exercise of their powers in any given case must be found in the acts of congress defining their jurisdiction. The general policy impressed upon the constitution, and expressed particularly in the tenth amendment thereto, requires a strict construction of statutes conferring jurisdiction, and common justice and common right require that such construction shall be given to such jurisdictional statute as shall give equal rights to the parties plaintiff and defendant. Under the earlier acts of congress, the federal courts had no jurisdiction unless one of the parties was a citizen of the state where the suit was brought. If plaintiff was a citizen of one state, and defendant of another, the action could not be maintained in a federal court sitting within the limits of a third state, nor removed thereto. Moffat v. Soley, 2 Paine, 103, Fed. Cas. No. 9,688; White v. Fenner, 1 Mason, 520, Fed. Cas. No. 17,547; Shute v. Davis, Pet. C. C. 431, Fed. Cas. No. 12,828. But under the act of 1875 this could be done, provided the defendant was "found" within the territorial jurisdiction of the particular federal court. Brooks v. Bailey (C. C.) 9 Fed. 438, 20 Blatchf. 85.

In order to obtain a correct view of the present jurisdictional statute, and a proper construction of its intent, which has often and justly been said by the highest authority to have been restrictive, we should follow the time-honored rule of looking to the old law, the mischief, and the remedy.

By the provisions of the act of March 3, 1875 [U. S. Comp. St. 1901, p. 508], jurisdiction was conferred upon the circuit courts of the United States in the same classes of cases as by the act of 1887, except that in the act of 1875 the jurisdictional value was any amount exceeding $500, whereas by the act of 1887 this value was raised to a sum exceeding $2,000. This change, as will be readily seen, was restrictive in its nature; but there is another change, which, if I read it aright, is far more so. In the act of 1875 the following language defines the particular court which shall have jurisdiction of a suit brought under the act:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceeding, except as hereinafter provided."

The exception therein referred to is to be found in section 2 of the act of 1875, which provides that any civil suit pending or hereafter brought in any state court, of the character described in section 1 of the act, and wherein the amount in dispute should exceed the sum of $500, might be removed by either party into the circuit court of the·

United States for the proper district. Thus it will be perceived that by that act suits of the character described might be brought by a plaintiff in the district of which the defendant was an inhabitant, or in any district where he might be found at the time of commencing suit, and, in addition to this, that any suit pending in a state court might be removed to the circuit court of the United States by either party thereto, although the conditions as to residence or presence of the defendant might be such that it could not have been directly instituted in the federal court.

Before commenting on the change introduced by the act of 1887, attention is called to the language of the act of 1875 in saying "no civil suit shall be brought before either of said courts against any person by any original process or proceeding * . * * except as hereinafter provided." The exception relates solely to removals, and therefore, by the direct terms of the act, they are to be regarded as an original method, process, or proceeding in the bringing of suits in federal courts. The act of March 3, 1887, which is the same, except for verbal corrections, as that of August 13, 1888 [U. S. Comp. St. 1901, p. 508], provided that no suit shall hereafter be brought in the federal courts by original process or proceedings against any person in any other district than that whereof he is an inhabitant, except that, where the jurisdiction is founded only on the fact that the action is between citizens of different states, "suits shall be brought only in the district of the residence of either the plaintiff or the defendant." It is to be observed that the words "except as hereinafter provided," which appeared in the act of 1875, are wanting in the present act. It would seem, therefore, that in construing the present act we must construe it as a restrictive act upon the former jurisdiction of the federal courts.

The two propositions to which I now direct attention as deducible from the language of the acts and the manifest legislative intent are the following: First. That the right of removal where the sole ground of jurisdiction is diversity of citizenship is limited by the act of March 3, 1887, as amended, to suits of which the circuit court of the United States of the district would have had jurisdiction if the action had been brought originally in that court. Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Yuba Co. v. Pioneer Gold Min. Co. (C. C.) 32 Fed. 183; Laird v. Assurance Co. (C. C.) 44 Fed. 712. Second. That removal from a state court to a federal court is only a means whereby the suit is brought by defendant into a court having original jurisdiction thereof. Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. In the case just cited it is stated in so many words in the opinion of the court, hereafter quoted, that the right of removal under the existing act is restricted to such suits as might have been brought by the plaintiff in the court to which removal is sought.

That the entire act of March 3, 1887, was passed in an endeavor to restrict the jurisdiction of the federal courts, both in cases brought in those courts in the first instance, or brought there on removal, and to restore the practice to something like what it was prior to the passage of the act of 1875, will appear from the debate in the United

States senate on March 3, 1887, to be found in volume 18 of the Congressional Record (page 2724), where a discussion of the proposed changes in section 1 of the act proceeded as follows:

"Mr. Mitchell, of Oregon: The act which the pending bill proposes to amend,—the act of March 3, 1875,—in the first section, speaking of jurisdiction, provides as follows: 'But no person shall be arrested in one district for trial in another in any civil action before a circuit court or district court; and no civil suit shall be brought before either of said courts [that is, before the circuit or the district court] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings.' That being the existing law, as I understand it, when a person wishes to sue an inhabitant of the state of California, he must go into that state, and bring his suit there, unless he happens to find the person he wishes to sue in some other district, and then he may sue there. Now, it is proposed to change that, as I understand.

"Mr. Hoar: In the first place, the existing law allows a suit to be brought in the United States court between citizens of different states for amounts exceeding $500. That is put up to $2,000. In the next place, it allows a plaintiff to sue a defendant, a citizen of another state, wherever he catches him,—all over the United States. That is the existing law. But the proposed change in the law is that he can only sue him (they being citizens of different states) either in the defendant's state, or, if the defendant happens to be in the district of the plaintiff's home, then in the plaintiff's district. So, instead of the sixty or seventy districts which by the existing law the plaintiff can sue him in, there are only two left. Suppose the defendant goes to the plaintiff's home, and is found there,—a man doing business there; the plaintiff can sue him in the state court, and the defendant can take him to the United States court. It is certainly reasonable that the plaintiff should be permitted in the first instance, to take him into the United States court.

"Mr. Mitchell, of Oregon: My friend then understands this section to mean that if the plaintiff, for instance, lives in the state of New York, and the defendant lives in the state of California, then the plaintiff may either go to California and sue there, or, if he happens to find him in the state of New York, he may sue him there, but he cannot sue him anywhere else.

"Mr. Hoar: That is it exactly; and in the state of New York, without this proposed statute, he can take him into the New York state courts, and the defendant then can remove the cause to the United States court.

"Mr. Mitchell, of Oregon: I have no objection, if that is the construction; but it seems to me that this latter part of the clause enables a plaintiff to bring suit in the district where the defendant does not reside, and where he is never found.

"Mr. Hoar: In all the districts where both parties reside in the same state, the state court is presumed to have jurisdiction between the parties.

"Mr. Mitchell, of Oregon: Then the senator holds that, where the United States jurisdiction attaches only on the fact that the action is between citizens of different states, the suit shall be brought only in the district of the residence of either the plaintiff or defendant, qualified by what is herein provided.

"Mr. Wilson, of Iowa: Undoubtedly.

"Mr. Mitchell, of Oregon: If that is the construction, I think it is a strained construction.

"Mr. Wilson, of Iowa: Instead of widening the present provision in regard to the bringing of suits out of the district of the residence of either party, it contracts it, and requires all suits to be brought either in the district of the plaintiff's or of the defendant's residence, where he may go.

"Mr. Edmunds: Just what the law of nearly every state is."

The foregoing extract from the proceedings in the United States senate shows that the purpose of the legislators was to restrict the jurisdiction of the federal courts as above stated.

Coming now to section 2 of the present act, it is equally true that its purpose was to restrict the right of removal. The report of the judiciary committee of the house of representatives made on March 17, 1886 (H. Rec. 2441), contains the following language:

"The next change proposed is to restrict the right to remove a cause from the state to the federal court to the defendant. As the law now provides, either plaintiff or defendant may remove a cause. This was an innovation on the law as it existed from 1789 until the passage of the act of 1875. In the opinion of the committee, it is believed to be just and proper to require the plaintiff to abide his selection of a forum. If he elects to sue in a state court when he might have brought his suit in a federal court, there would seem to be ordinarily no good reason to allow him to move the cause. Experience in the practice under the act of 1875 has shown that such a privilege is often used by plaintiffs to obtain unfair concessions and compromises from defendants who are unable to meet the expenses incident to litigation in the federal courts remote from their homes."

The reasoning in the report of the judiciary committee is that the plaintiff ought not to have the right to remove in a case where he elected to bring suit in the state tribunal when he might originally have brought his suit in the federal court. That reasoning is good, and tends to show the general purpose of restriction as heretofore mentioned; but there is in this language no warrant for the assumption so frequently made in the decided cases upholding the right of removal in a case like the present, that the defendant has an absolute right of removal, whether the plaintiff might have brought his suit in the federal court in the first instance or not.

The rules of construction of statutes require, among other things, that laws be so construed as, if possible, to give effect to every part of a statute; and it is with this rule in view that I desire to call attention particularly to certain language of the first section of the act of March 3, 1887, which, it seems to me, has been partially overlooked in those decisions which hold that a case like the present is removable to the federal court over objection of the plaintiff. The language referred to is as follows:

"And no civil suit shall be brought before either of said courts [circuit and district courts of the United States] against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

This entire clause must be read together, and, so read, the last phrase furnishes the rule for determining whether or not a particular court has jurisdiction of a case in which the sole ground of jurisdiction is diversity of citizenship between the parties.

In Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672, the supreme court of the United States, speaking through Chief Justice Fuller, says:

"The jurisdiction of the circuit courts on removal by the defendant under this section [section 2, Act March 3, 1887, as corrected by Act Aug. 13, 1888] is limited to such suits as might have been brought in that court by the plaintiff under the first section."

120 F.—11

Again, in Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511, it was held that:

"The right of a plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action is brought."

These principles are quite as applicable to the jurisdiction of the particular forum in which suit is brought as to the general subjects of jurisdiction, where, as in the case of diverse citizenship, all the elements necessary to show the jurisdiction of the particular court must be set out in the declaration or complaint. It is therefore true that a plaintiff resident in Ohio cannot bring a suit in the circuit court of the United States for the Southern district of West Virginia against a citizen of Kentucky, where the only ground of federal jurisdiction is the diversity of citizenship. The law forbids him to bring his suit in that court, and a suit so brought is subject to be dismissed for lack of jurisdiction. As has already been said, removal is only authorized as to such suits as might have been brought in that court by the plaintiff under the first section.

But it is said that the matter of jurisdiction of the person is one which may be waived, and the case of Railroad Co. v. Davidson, 157 U. S. 208, 15 Sup. Ct. 565, 39 L. Ed. 672, is cited as the very highest authority for that proposition. The supreme court there says:

"It is true that, by the first section, where the jurisdiction is founded on diversity of citizenship, suit is to be brought 'only in the district of the residence of the plaintiff or defendant,' and this restriction is a personal privilege of the defendant, and may be waived by him." Citing Railroad Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659.

The case of Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853, is also cited in favor of this proposition,—particularly that portion of the opinion where Mr. Chief Justice Waite observed:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases, and certainly jurisdiction will not be ousted because he has consented."

I have no doubt of the correctness of this proposition, but dislike the statement that this personal privilege is one belonging to the defendant alone, and which he may waive, or not, as he pleases, and thus confer or exclude jurisdiction. It is a mutual privilege of plaintiff and defendant, and must be mutually waived before jurisdiction can attach. I venture to say that, in every case in which the jurisdiction has been upheld by reason of a waiver on the part of defendant, there has also been a waiver on the part of the plaintiff. In all these cases the plaintiff waives his right to object to the jurisdiction by bringing his suit in that court. The defendant waives his right by entering a general appearance to the action. While jurisdiction of the subject-matter is fundamental, and cannot be waived by the parties, and jurisdiction of the person may be waived, yet it is a right which must be waived to give jurisdiction; and, what is more,

it must be waived by both parties. Why not? Can it be said, as a fair legal proposition, that one party to a controversy has not the same right to object to a jurisdiction over his person not specifically conferred by statute that the other party has? I see no reason for such conclusion. I regard it as opposed to natural justice, to the weight of reason, to the weight of well-considered authority, and to the plain intendment of the statute. Any other construction leads to a futility of result that is pitiful, as applied to a court of justice. Suppose this suit had been brought in this court in the first instance by Foulk, the plaintiff, a citizen and resident of Ohio, against Gray, King, and Kitchen, all citizens and residents of Kentucky; if the defendants had appeared and answered the bill, no one doubts that the court would have had jurisdiction to hear and determine the cause. Why? Because all parties waived objection to the jurisdiction over their persons,—Foulk by bringing his suit in the court, and the defendants by answering thereto. But suppose the defendants had failed to appear, or, appearing specially, had objected to the jurisdiction on the ground that the suit had been brought neither in the district of their residence, nor in that of the plaintiff; in such case the authorities are unanimous that the suit would be dismissed for lack of jurisdiction. Suppose again, such being the result, Foulk should go into the state court of West Virginia, and there sue and serve process on the defendants, thereby, under the provisions of chapter 123 of the Code of West Virginia, acquiring in the state court jurisdiction of the persons of the defendants, and upon petition the defendants were held to have absolute right of removal to the federal court; we would have the spectacle of the defendants' first saying to the court, "You shall not try our case," and then, after vexatious delay caused by their objection to the jurisdiction, find them coming back, dragging the plaintiff with them, and saying, "You shall try our case."

Remembering now that the policy of the act of March 3, 1887, was distinctly to limit and restrict the jurisdiction of the circuit courts, which policy was announced by the supreme court of the United States in a long line of cases, of which the following are only examples: Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; Ex parte Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738; Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080; Ex parte Shaw, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Hanrick v. Hanrick, 153 U. S. 192, 14 Sup. Ct. 835, 38 L. Ed. 685; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511; Railway Co. v. Davidson, 157 U. S. 208, 15 Sup. Ct. 563, 39 L. Ed. 672,—and remembering further that it has been distinctly held, particularly in the last two cases cited, that the jurisdiction of the circuit courts on removal by the defendant, under section 2 of the present act, is limited to such suits as might have been brought in that court by the plaintiff under the first section, let us see whether this is a suit which might have been brought by the plaintiff in this court in the first instance. In the case of Ex parte Shaw, supra, Mr. Justice Gray, in the opinion of the court, in construing this very act, uses the following language:

"As to natural persons, therefore, it cannot be doubted that the effect of this act, read in the light of earlier acts upon the same subject, and of the judicial construction thereof, is that the phrase 'district of the residence of' a person is equivalent to 'district whereof he is an inhabitant,' and cannot be construed as giving jurisdiction, by reason of citizenship, to a circuit court held in a state of which neither party is a citizen, but, on the contrary, restricts the jurisdiction to the district in which one of the parties resides, within the state of which he is a citizen, and that this act, therefore, having taken away the alternative, permitted in the earlier acts of suing a person in the district 'in which he shall be found,' requires any suit, the jurisdiction of which is founded only on its being between citizens of different states, to be brought in the state of which one is a citizen, and in the district therein of which he is an inhabitant and resident."

From the logic of these clearly expressed views of the highest tribunal of the land, there is no escaping. They show that this is a case which the plaintiff would have had no right to bring in this jurisdiction,—a case which could only have been brought here in the first instance by the mutual waiver by himself and the defendants of their right to sue and be sued in the district of the residence of either one or the other of them. Therefore, under the resistless logic of the situation, if the jurisdiction can be sustained upon removal, it must be because there has been equally such a joint waiver on the part of defendants and plaintiff of objection to the jurisdiction.

What are the reasons for permitting removals by defendants? In the first class of cases mentioned in the statute, the reason is evidently because a defendant has a right to have a question arising under the constitution or laws of the United States, or treaties made thereunder, or in which the United States is plaintiff or petitioner, tried by the federal courts. In such cases his right is made absolute by the statute, regardless of his residence. In the class of cases wherein the jurisdiction is conferred by reason of diversity of citizenship, doubtless the reason for permitting removal is because, if the defendant is sued in the state courts of the state of which plaintiff is a resident, it may fairly be presumed that he is at a disadvantage as compared with the plaintiff. That this is the reason is the more apparent, because, if he is sued in the state courts of the state of his own residence in a similar case, he may not remove, though, if sued there in a case involving a federal question, he may remove the case. If, therefore, he be sued in the state courts of a neutral state, in a case wherein no special ground of federal jurisdiction exists, other than that the parties are citizens of different states, the governing reasons for removal do not exist, and the statute, so far as it provides for removals, being in derogation of the properly acquired jurisdiction of a court having concurrent jurisdiction, should be strictly construed.

For the reasons herein given if the plaintiff had stood upon his motion to remand this case to the state court, I should have felt obliged to sustain that motion. But after making such motion, and while the same was under consideration by the court, the plaintiff chose to agree with the defendants in the entering of an order in this court settling certain of the questions in controversy. Having done so, I must hold that he has waived his right to object to the jurisdiction of this court, and that by such waiver, coupled with the waiver of

the defendants in removing the case here, the court has acquired full jurisdiction to determine the questions involved.

The motion to remand is therefore denied.