FALES, Adm'x, *v.* CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, N. D. Iowa, E. D.* November Term, 1887.)

1. REMOVAL OF CAUSES—CITIZENSHIP—ACT OF MARCH 3, 1887.

Act of congress of March 3, 1887, § 1, provides that the circuit courts of the United States shall have jurisdiction of civil causes between citizens of different states, and that, when the jurisdiction is founded only on diverse citizenship, the suit may be brought in the district where either the plaintiff or the defendant resides. Id. § 2, provides that civil suits of which the circuit court has jurisdiction, and which are brought in the state courts, may be removed to the circuit courts by the defendant if a non-resident of the state. An action was brought in the district court of Dubuque county, Iowa, the amount involved being over $2,000. The plaintiff was a citizen of Iowa, and the defendant of Wisconsin. On the application of the defendant the cause was removed to the circuit court of the United States. *Held,* that the removal was authorized by the statute, the defendant not being a resident of Iowa, and the cause could not now be remanded to the state courts.

2. SAME—CITIZENSHIP—CORPORATIONS.

Corporations are citizens and residents of the state under the laws of which they were created, and they cannot, by engaging in business in another state, acquire a residence there.

3. SAME—PLACE OF BRINGING SUIT—ACT OF MARCH 3, 1887.

The provisions of act of congress of March 3, 1887, § 1, regarding the place of bringing suit by original process in the circuit courts of the United States, do not apply in determining the question of jurisdiction on an application for removal of causes from the state courts.

At Law.    Motion to remand cause to state court.

*Henderson, Hurd, Daniels & Keisel,* for petitioners.

*W. J. Knight,* for defendant.

SHIRAS, J.    This action was originally brought in the district court of Dubuque county, and upon the application of defendant was removed to this court, whence it is sought to have the same remanded for want of jurisdiction.

The motion to remand requires for its determination a construction of the second section of the act of March 3, 1887. To ascertain the true reading of this section, it is necessary to collate with the several clauses thereof portions of the first section of the act, as that section is expressly referred to in the second section, and is thereby made part thereof. Reading the one, therefore, in connection with the other, it appears that removals from the state to the federal courts may be had in the following classes of cases:

(1) Suits of a civil nature, at law or in equity, arising under the constitution, laws, or treaties of the United States, involving over $2,000, exclusive of costs or interest, may be removed by the defendant, whether he be or not a resident of the state wherein suit is brought.

(2) Suits of a civil nature, at law or in equity, in which the United States are plaintiffs, without reference to the amount involved, may be removed by the defendant, if he is a non-resident of the state wherein suit is brought.

(3) Suits of a civil nature, at law or in equity, between citizens of different states, involving over $2,000, exclusive of interest and costs,

may be removed by the defendant, if he is a non-resident of the state wherein suit is brought.

(4) Suits of a civil nature, at law or in equity, between citizens of the same state, claiming lands under grants of different states, irrespective of the amount involved, may be removed by the defendant, if he is a non-resident of the state wherein suit is brought.

(5) Suits of a civil nature, at law or in equity, between citizens of a state and foreign states or subjects, involving over $2,000, exclusive of interest and costs, may be removed by the defendant, if he is a non-resident of the state wherein suit is brought.

(6) In suits of a civil nature, at law or in equity, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant being a citizen of a state other than the one wherein suit is brought, may, irrespective of the amount involved, remove said cause, by making it to appear to the United States circuit court that, owing to prejudice or local influence, he cannot obtain justice in the state court in which the cause is pending, or to which it may, under the state laws, be removed for trial.

(7) Suits of a civil nature, at law or in equity, between citizens of the same state, involving the title to land, the amount in dispute exceeding $2,000 exclusive of interest and costs, may be removed by either plaintiff or defendant, if it be made to appear, in the mode provided in the statute, that the adverse parties claim title under grants from different states.

From this classification of the cases removable under the provisions of the act in question, it appears that a plaintiff is not granted the right, except in the class of cases falling under the seventh head, which covers cases involving title to land claimed under grants from different states. In all other removable cases, under this act, the defendant alone can exercise the right of removal, and the defendant's right is limited in the majority of instances.

Thus in cases falling in the first class named, to-wit, those arising under the constitution, laws, and treaties of the United States, the defendant may remove the cause without reference to the citizenship or residence of the parties.

In cases included within the second, third, fourth, and fifth classes, the defendant cannot remove the cause, unless he is a non-resident of the state wherein suit is brought.

In cases arising under the sixth head, or local prejudice provision, the defendant may remove the cause if he is a citizen of another state.

In cases arising under the first, third, fifth, and seventh classes, the amount involved must exceed $2,000, exclusive of interest and costs. In cases arising under the second, fourth, and sixth classes, the removal may be had irrespective of the amount involved in the controversy.

In this case, of *Catherine Fales, Adm'x,* v. *Chicago, M. & St. P. Ry. Co.,* the plaintiff is and was, when the action was brought in the state court, a citizen of the state of Iowa, and the defendant company was and is a corporation created and organized under the laws of the state of Wisconsin,

and, therefore, for jurisdictional purposes, is deemed and held to be a citizen of that state. The amount involved in the controversy exceeds $2,000 exclusive of interest and costs, and the case, therefore, falls within the third class of removable cases; that is to say, it is a case which is removable by the defendant, if the latter is a non-resident of the state of Iowa.

In support of the motion to remand it is argued that the United States courts cannot take jurisdiction, by removal, of any case which could not have been originally brought in such court, and in support of this view is cited the case of the *County of Yuba* v. *Mining Co.*, decided by the circuit court for the Northern district of California, and reported in 32 Fed. Rep. 183.

It will certainly seem **an act** of presumption on my part to question the correctness of the views expressed by the learned court in that case; yet the conclusion therein reached, it seems to me, completely nullifies a large part of the provisions of the act of congress, and I cannot yield assent to it as a correct exposition of the statute in question. In principle, also, the conclusion reached is at variance with that announced by the circuit judge of this circuit in the case of *Telegraph Co.* v. *Brown*, 32 Fed. Rep. 337.

The doctrine of the California case is, that section 2 of the act of 1887 does not authorize the removal of a suit from a state to a federal court, which could not have been originally brought in the latter tribunal; that a corporation can be an inhabitant only of the state under whose laws it is created, and that under the act of 1887 the United States courts have not jurisdiction of actions between citizens of different states, except in the state whereof the defendant is an inhabitant.

In the first section of the act it is declared that—

"No person shall be arrested in one district for trial in another, in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process of proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or defendant."

The latter sentence expressly declares that where the jurisdiction is founded on diverse citizenship, the suit may be brought only in the districts of the residence of either plaintiff or defendant.

Under the express language of the act of 1875, suit by original process might have been brought in any district whereof the defendant was an inhabitant, or in which he should be found at the time of serving process. Hence if, by reason of diverse citizenship, or by reason of the subject-matter, the cause was one cognizable by a federal tribunal, the case might, under the act of 1875, have been brought in any district wherein the defendant could be found for purpose of service.

Under the act of 1887, the place wherein the suit may be brought is limited to the district in which the defendant resides, save in cases wherein jurisdiction depends solely on the fact of diverse citizenship,

and in these the suit may be brought in the district of the residence of either plaintiff or defendant.

We must not confound the question of federal jurisdiction with that of the place of bringing suit. The first section of the act of 1887 was intended to define the classes of cases of which the United States circuit courts should have original cognizance, concurrent with the courts of the several states, and also to define the place or places where such suits might be brought by original process.

Two general grounds of federal jurisdiction are recognized in the statute, to-wit, subject-matter and diverse citizenship. Cases arising under the constitution, laws, or treaties of the United States, or in which the title of land is involved, claimed under grants from different states, are cognizable in the United States courts by reason of the subject-matter, whereas controversies between citizens of different states, or between citizens of a state and aliens, are cognizable in the federal courts by reason of diverse citizenship. In addition to these general grounds of federal jurisdiction the statute also includes cases wherein the United States are plaintiffs or petitioners.

Having thus defined the classes of cases of which the United States circuit courts have jurisdiction, the section then proceeds to define the place or district within which such suits may be brought by original process, it being declared that no civil suit shall be brought against any person by any original process in any district other than that of which he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district wherein plaintiff or defendant resides. The. latter clause of the section cannot be ignored. It is the latest declaration of the legislative will, and, if irreconcilable with the preceding clause, it must be held to control, but it is not necessary to resort to purely technical rules in construing the statute. Force can be given to both clauses of the section by holding that the first one establishes the general rule that, in bringing suits by original process in the United States courts, the same must be brought in the district wherein the defendant resides; and the second clause provides an exception, to-wit, that where the jurisdiction is based solely on diverse citizenship, suit may be brought in the district of the residence of either plaintiff or defendant, but not elsewhere. Whatever may be the true construction of these clauses, they affect, not the question of federal cognizance, but solely the question of the place of bringing suit by original process, in cases of federal cognizance.

The second section of the act defines under what circumstances causes brought originally in the state courts may be removed for trial into the federal courts. If the case is one of federal cognizance, as defined in the first section of the act, because it arises under the constitution, laws, or treaties of the United States, then the defendant, without reference to place of residence, may remove the same. If the case does not arise under the constitution, laws, or treaties of the United States, but is otherwise of federal cognizance, as defined in the first section, it may be re-

moved by the defendant, if a non-resident of the state wherein suit is brought.

Suits of a civil nature, at law or in equity, in which there is a controversy between a citizen of the state wherein suit is brought, and a citizen of another state, may be removed on the ground of prejudice or local influence, by a defendant, if he is a citizen of a state other than that in which suit is brought.

Suits between citizens of the same state, involving the title to land claimed under grants from different states, may be removed by either plaintiff or defendant, irrespective of residence.

If the ruling made in the case of *Yuba County* v. *Mining Co.*, *supra*, is the correct interpretation of the statute, it follows that, in all cases wherein original jurisdiction is conferred on the United States courts by reason of diverse citizenship, no removal thereof can be had if suit is brought in the state court, because the statute declares that only non-resident defendants can remove such cases, and the court holds that the United States court has not jurisdiction of cases wherein a non-resident is a defendant. It seems to me that the question of federal cognizance is confounded with the question of the place of bringing suit by original process. The latter question has nothing to do with the right of removal. The question whether the action might have been brought by original process in any federal court was material, in order to determine whether it was a case of federal cognizance, but that question being decided in favor of the federal jurisdiction, the question of the proper place or district in which the suit might have been brought by original process is wholly immaterial on the question of removal.

In the *Yuba County Case* the complainant, as a California corporation, might have brought the suit in the federal court of the district of Nevada, the defendants being corporations, and therefore citizens of that state and district. The case, therefore, was one of federal cognizance, under the provisions of the first section of the act of 1887. If the complainant had brought suit in a state court of Nevada, the case could not have been removed; not because the case was not one of original federal cognizance, but because the defendants were residents and citizens of Nevada. When brought, however, in a state court of California, being a case of federal cognizance, the right of removal exists under the statute, because the defendants were non-residents of California.

Having defined the classes of cases in which federal cognizance, concurrent with that of the states, exists, the first section of the act restricts the place or district in which suit may be brought by original process, to the district wherein defendant resides, save in cases where diverse citizenship is the sole ground of federal cognizance, in which event suit may be brought in the district of the residence of either plaintiff or defendant.

The statute confers upon a party, having a cause of federal cognizance, the right to bring suit thereon in a federal court; but, for the protection of the defendant, requires suit to be brought in the district or districts named, and no other, thus essentially changing the law in this particular.

If, however, the plaintiff, having a cause of federal cognizance by rea-

son of diverse citizenship, chooses to bring suit thereon in the state court, then he has made his election, and he cannot afterwards remove the case unto the federal tribunal. If such a suit is brought in the courts of the state of which defendant is a resident, then it cannot be removed, because it is supposed the defendant can have no objection to a trial by the courts of the state of which he is a resident. If, however, a suit is brought in a case of federal cognizance in a court of a state of which defendant is not a resident, then the election is given to such non-resident defendant to carry the case by removal into the federal court.

It is also said that the statute recognizes a distinction between citizenship and residency, and that, in a given case, while the citizenship of the parties may be diverse, the defendant may be in fact a resident, though not a citizen, of the state wherein suit is brought, and that thereby the right of removal will be defeated, save in cases arising under the seventh head of the classification hereinbefore given.

In the particular case now under consideration, the argument is that the railway company, though deemed to be a citizen of the state of Wisconsin, is nevertheless in fact a resident of Iowa, by reason of the fact that it is engaged in the management and operation of part of its railway system in the state, and has by reason thereof become a resident of this state.

It is well established that citizenship and residence are not synonymous terms, when used in connection with the question of jurisdiction. *Parker* v. *Overman*, 18 How. 137. In other words, a person may be a citizen of one state, and yet acquire a residence in another. Can this, however, be truthfully said of a corporation? The earlier doubts on the question of the citizenship of corporations were finally settled by the decision in *Railroad Co.* v. *Harris*, 12 Wall. 65, in which it is held that—

"For the purposes of federal jurisdiction it is regarded as if it were a citizen of the state where it was created, and no averment or proof as to the citizenship of its members elsewhere will be permitted. This is a presumption of law that is conclusive."

In a large number of cases, beginning with that of *Bank* v. *Earle*, 13 Pet. 588, the supreme court has held that a corporation cannot emigrate; that while it may enlarge the territory in which it does business, and carry on the same in other states, yet it remains a citizen of the state wherein it was created, without the legal power to change its citizenship, home, or residence, or as is said in *Ex parte Schollenberger*, 96 U. S. 369:

"A corportion cannot change its residence or its citizenship. It can have its legal home only at the place where it is located by or under the authority of its charter; but it may by its agents transact business anywhere, unless prohibited by its charter, or excluded by local laws."

In other words, the fact that a corporation is engaged in business in a state other than that under whose laws it was created, does not change its legal citizenship or residence.

In *Pennsylvania Co.* v. *Railroad Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 644, and *Goodlett* v. *Railroad*, 122 U. S. 391, 7 Sup. Ct. Rep. 779, it is held that a corporation, by owning property and doing business in

another state, under the provisions of state legislation to that end, does not thereby become a citizen of the latter state, so as to lose the right of removal under the act of 1875. The real reason underlying these decisions is clearly stated in the case of *Muller* v. *Dows,* 94 U. S. 444, in which it is said:

"A corporation itself can be a citizen of no state, in the sense in which the word 'citizen' is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation; and for the purpose of jurisdiction, it is conclusively presumed that all the stockholders are citizens of the state which by its laws creates the corporation."

It being, then, a conclusive presumption of the law, irrespective of the actual facts, that the stockholders in a corporation are citizens of the state under whose laws the corporation is created, and that the corporation itself, as a legal entity, cannot become a citizen of any state, it follows that the corporation, by engaging in business in other states, cannot acquire citizenship or residence therein, nor can the acts of the corporation change the citizenship or residence of the stockholders.

When, therefore, the act of March 3, 1887, was enacted, it was the settled law of the land that corporations could not, by engaging in business in a state other than that wherein they had been created, change either their residence or citizenship. It was well known that nearly all the more important railroad corporations were engaged in the operation of lines of railway extending into states other than the one of their legal existence, and it was equally well known that by repeated decisions of the supreme court it has been held that by thus engaging in business in other states the corporation did not change its citizenship or residence. With this knowledge, had congress intended to change the law in this particular, and to declare that corporations should be deemed residents of the states wherein they engaged in business, certainly some indication of such a purpose would have been found in the express language of the act. The fact that no such declaration is made in the act clearly shows that in this particular congress intended to leave the law unchanged, and therefore the same construction must hold good under the act of 1887 as under previous acts, to-wit, that corporations are deemed to be citizens and residents only of the state under whose laws they are created.

From the record in this cause it clearly appears that the plaintiff, when the suit was brought, and ever since, was and has continued to be a citizen of the state of Iowa, and that the defendant was and is a corporation created under the laws of the state of Wisconsin, and therefore is and was a citizen and resident of that state, and of no other. It also appearing that the matter in controversy, exceeds in value the sum of $2,000, exclusive of interest and costs, it follows that the cause was properly removed to this court, and the motion to remand must be overruled.