## BURCK *v.* TAYLOR.

*(Circuit Court, W. D. Texas. August 16, 1889.)*

1. **REMOVAL OF CAUSES—INTO WHAT DISTRICT.**

   Under act Cong. Aug. 13, 1888, giving the circuit courts of the United States jurisdiction of controversies between citizens of different states, and providing that an action by original process shall be brought only in the district of which the defendant is an inhabitant, except where the only ground of jurisdiction is that of diverse citizenship, in which case actions shall be brought in the district of the residence of either plaintiff or defendant, and further providing for the removal of such actions into the circuit court for the proper district, at the instance of defendant, an action brought by a citizen and resident of the Eastern district of Texas against a citizen of another state, in a state court in the Western district, is removable to the circuit court of the latter district.

2. **SAME—TIME OF APPLICATION.**

   Section 3 of the act mentioned, requiring a petition for removal to be filed before defendant is compelled to plead to the action under the state practice, is complied with by the timely filing of the petition, though it is not actually presented to the court until after the expiration of the time to plead.[1]

3. **SAME—BOND.**

   When special bail is not originally demandable in an action, the removal bond need not contain a condition for the entry of the defendant's appearance in the federal court, though he has not yet entered such appearance in the state court, as the act mentioned only requires that condition when special bail may originally be demanded.

Motion to Remand.

*F. G. Morris*, for plaintiff.

*Walton, Hill & Walton* and *Mr. Matlock*, for defendant.

MAXEY, J. This suit was instituted by the plaintiff on the 8th day of December, 1888, in the district court of Travis county, Tex., to recover of defendant damages in excess of $2,000, growing out of an alleged breach of contract. Citation was served upon Taylor in Travis county, returnable to the March term of court. On the 5th day of March, and prior to the time required by the laws of Texas for Taylor to answer the plaintiff's petition, he filed his petition and bond for the removal of the suit to this court. The order suspending further proceedings in the state court was entered during the same term, on the 21st day of June, and a copy of the record was seasonably filed in this court. A motion is now made by the plaintiff to remand the cause, mainly upon the following grounds:

"(1) Because neither the plaintiff nor the defendant is a resident of the Western district of Texas, this suit could not have originally been brought in

---

[1] An extension of time to answer by consent of parties does not extend the time for filing a petition for removal. Dixon v. Telegraph Co., 38 Fed. Rep. 377. And a petition for removal filed by a defendant after obtaining an *ex parte* order extending his time to plead, contrary to the state practice, is not filed in time. Hurd v. Gere, Id. 537. Where a plea in abatement is quashed, and defendants fail to plead to the merits *instanter*, as required by law, a petition for removal, filed nearly a month afterwards, is too late, though plaintiffs did not take a default, as they might have done. Kaitel v. Wylie, Id. 865. For rulings on the question as to the proper time for filing applications for removal from state to federal courts, see Tan Bark Co. v. Waller, 37 Fed. Rep. 545, and cases cited; Lockhart v. Railroad Co., 38 Fed. Rep. 274; Doyle v. Beaupre, 39 Fed. Rep. 289.

this court; and as this court cannot acquire jurisdiction by removal from a state court of a case which could not have originally been brought in this court, it must follow that this court has no jurisdiction to try this case. (2) Because it appears from the record that the petition and bond for removal were not presented to the district court of Travis county for approval of the bond, or to pass on the petition, until long after the time when defendant was required by the laws of Texas to answer the plaintiff's petition. (3) Because the defendant did not enter his appearance in the district court of Travis county, and there is no condition in the bond for removal obligating himself to appear in this court, as is required to be in such bonds by law."

The first ground of objection presents a serious question, and one which has not been passed upon by the supreme court. A brief reference to the facts as disclosed by the record is necessary to render perfectly intelligible the point raised by counsel. It appears that the plaintiff is a resident citizen of the Eastern district of Texas, and that the defendant is, or was at the date of the institution of this suit, a resident citizen of Cook county, Ill. Removal of the suit is sought on the ground of diverse citizenship. The argument of plaintiff's counsel assumes that the suit is one of which this court has not original jurisdiction, because neither the plaintiff nor defendant is a resident of this district, and therefore the cause is not removable under the act of congress. By the first section of the act of August 13, 1888, the circuit courts of the United States are given original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and cost, the sum or value of $2,000. In the same section the following provision occurs:

"And no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or the defendant." 25 St. at Large, 434.

The second clause of section 2 of the act, which applies to this suit, reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state."

It is clear that to authorize removal of a suit under the second clause of the second section of the act the suit must be one of which the circuit courts have original jurisdiction, and I am not aware of any decision holding the contrary view. Now, counsel for plaintiff insists that the court would be without original jurisdiction for the reason that neither of the parties to the suit is a resident of this district, and that no United States court in Texas could take jurisdiction except the circuit court for the Eastern district,—the plaintiff residing in the Eastern dis-

trict, and the defendant in the state of Illinois. The court is unable to agree with counsel in his construction of the statute, for it seems to ignore the defined and well-recognized distinction between questions of jurisdiction proper and the mere place of suability. This distinction is clearly indicated by the supreme court in *Ex parte Schollenberger.* In that case Mr. Chief Justice WAITE, speaking for the court, says:

"The act of congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the courts. It is rather in the nature of a personal exemption in favor of a defendant, and it is one which he may waive. If the citizenship of the parties is sufficient, a defendant may consent to be sued anywhere he pleases; and certainly jurisdiction will not be ousted because he has consented." 96 U. S. 378.

The precise question here presented was raised before Judge BREWER in the case of *Railroad Co.* v. *Lumber Co.*, and in a well-considered opinion he held that the fact that both parties were non-residents of the district did not oust the court of jurisdiction in a case removed from the state court by the non-resident defendant. In the discussion of the question he uses this language:

"The same distinction between the general matter of jurisdiction and the particular court for suit and trial is recognized in *Fales* v. *Railway Co.*, 32 Fed. Rep. 673; *Gavin* v. *Vance*, 33 Fed. Rep. 84; *Loomis* v. *Coal Co.*, Id. 353. Turning to the second section, we find that the removable suits are those of which, by the first section, the federal courts are given jurisdiction. The language speaks of jurisdiction generally, and of courts in the plural. Any suit is removable of which any federal circuit court might take jurisdiction, and the mere fact that the defendant could have successfully objected to being sued in any one or more particular federal courts does not destroy the general jurisdiction of federal courts, or prevent its removal. Take the case at bar. If the suit had been commenced in this court, and process served personally upon the defendant, and it had raised no question other than upon the merits of the controversy, this court would have had undoubted jurisdiction, and the judgment it rendered would have been valid. If the jurisdiction of the court upon his failure to insist upon his personal privilege be conceded in the one case, why should there be doubt of the jurisdiction when he voluntarily seeks the court?" 37 Fed. Rep. 6, 7.

Judge NEWMAN has also construed the two sections of the statute now under consideration in the case of *Bank* v. *Bank*, which came before him in the Northern district of Georgia. Referring to sections 1 and 2 of the act, already quoted in this opinion, he says:

"I do not think that it can be said that jurisdiction is given by the language quoted from the latter part of section 1. It relates to the locality in which suits may be brought by original 'process or proceeding,' and is intended for the benefit of defendants. It provides where they may be required to answer suits originating in the federal courts. Jurisdiction is conferred on the circuit courts by the first part of section 1, and that jurisdiction, when founded on citizenship, is between citizens of different states, provided the jurisdictional amount is involved; and it is to that portion of the section, instead of the latter part, fixing the place where suits may be brought by original 'process or proceeding,' section 2 refers." 37 Fed. Rep. 659, citing authorities.

In the case of *Gavin* v. *Vance*, 33 Fed. Rep. 88, 89, Judge HAMMOND seems to take a different view of the statute, but the reasoning of the courts in *Bank* v. *Bank*, and *Railroad Co.* v. *Lumber Co.*, *supra*, is more satisfactory to my mind; and, concurring in the views expressed in those cases, the court is of opinion that the first objection of the plaintiff is not well taken.

The second objection of the plaintiff cannot be sustained. Section 3 of the act of congress provides:

"That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending," etc. 25 St. at Large, 435.

The petition and bond for removal of the cause were filed in the state court on the second day of the return-term, and under the laws of this state the defendant could have filed his answer on or before the fifth day of that term. Rev. St. Tex. art. 1263. The filing of the petition was clearly in time, and the removal proper, unless the defendant was also required to present the petition to the state court within the time permitted him to file his answer. The act of congress contains no such requirement, and reference has not been made to any adjudicated case where that construction has been held. From pressure of business, or for other good cause, the state court might not be able in all cases to act upon the petition on or before the fifth day of the term, and it would be a harsh rule to hold that the defendant's right to remove was entirely cut off by the mere delay in presenting the petition and bond to the court, where the right of removal had been otherwise perfected by obtaining an order at the same term "suspending further proceedings" in the state court, and entering a copy of the record in this court at the proper term.

As to the third ground of objection it is insisted in argument that the bond for removal should contain a stipulation obligating the defendant to appear in this court, etc. The statute prescribes the conditions of the bond, and they are as follows:

"And shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein." 25 St. at Large, 435.

It is conceded that special bail was not originally requisite in this suit. The bond contains every requirement of the statute except the condition applicable to those cases in which special bail is required, and is

therefore in all respects sufficient. Having considered all the points raised in argument, the court is of opinion that the suit is properly here, and an order will be entered overruling the motion to remand.