## CREAGH v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### (Circuit Court, D. Washington, N. D. November 30, 1897.)

1. REMOVAL OF CAUSES—NOTICE OF PETITION.

    In causes removable from the state to the federal court, under the statute, the right to remove is absolute, and the proceeding therefor ex parte, and no notice to the adverse party is required.

2. SAME—BY NONRESIDENT DEFENDANT.

    The fact that a defendant sued by an alien in the state court is a resident of another federal district does not affect his right to remove the cause, if one over which the circuit court would otherwise have had original jurisdiction; the filing of the petition and bond for removal being a waiver of the right to object to the jurisdiction on that ground.

3. SAME—DIVERSITY OF CITIZENSHIP—SUIT BY ALIEN.

    A suit by an alien against a citizen who is a nonresident of the state in which the action is commenced is removable by the defendant on the ground of diversity of citizenship.

4. SAME—EXISTENCE OF CONTROVERSY.

    Where a petition by defendant for removal states that there is a controversy between the parties involving the requisite amount, it is no objection to the removal that defendant has filed no pleadings from which such controversy appears.

Action by John Creagh against the Equitable Life Assurance Society of the United States. Heard on motion to remand to state court.

John Arthur, for plaintiff.

Thomas R. Shepard, for defendant.

HANFORD, District Judge. This action was commenced in the superior court of the state of Washington for King county. The defendant filed a petition and bond, and obtained an order of said court removing the same to this court. In his complaint the plaintiff pleads a contract in writing, by which he was constituted the defendant's agent for the province of British Columbia, and was to receive certain profits and emoluments, to accrue from insurance in the defendant company to be effected through said agency within the territory assigned to him, and alleges breach of said contract on the part of the defendant, by which plaintiff has been damaged to the amount of $19,537.45, in which sum he prays for judgment, with costs. The defendant's petition for removal of the cause to this court sets forth that the amount in controversy exceeds $2,000; that the plaintiff is a citizen and resident of the province of British Columbia, and a subject of Victoria, queen of Great Britain; and that the defendant is a corporation organized and existing under the laws of the state of New York, and not a resident or inhabitant of the state of Washington. The plaintiff has moved to remand the case to the superior court, in which it was commenced, upon several specified grounds, but I will only refer to those which were relied upon in the argument, viz.: First. Notice of the removal proceedings was not given to the plaintiff or his attorney. Second. Both parties are nonresidents of this district. Third. In a suit by an alien plaintiff against a citizen, the law does not authorize removal by the defendant. Fourth. No answer, plea, or demurrer having been filed, it

83 F.—54

does not appear by the record that there is any controversy, and the law does not confer jurisdiction upon a circuit court of the United States, on the ground of diversity of citizenship, unless there is an actual controversy to be litigated, which must appear by the record when the jurisdiction is first invoked.

1. The law provides only for ex parte proceedings for the removal of causes into the circuit courts of the United States. The statute provides, and the decisions hold, that the filing of a proper petition and bond, within the time limited, in a case which is removable under the law, does ipso facto oust the state court of its jurisdiction. When the petition and bond shall have been made and filed in the state court, "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit." The right of removal is absolute in causes which may be removed, and questions as to the right of removal, and the sufficiency of the petition and bond in each case, can be determined only by the circuit court. Therefore notice to the plaintiff of proceedings prior to filing the transcript in the circuit court could avail nothing if given. The only notice provided for by statute or rule of court is contained in the seventy-fourth rule adopted by this court, which is as follows:

"Whenever the proper proceedings have been perfected in a state court to remove a case from such court to this court, pursuant to any statute of the United States, either party may at any time thereafter, as of course, file the transcript required by law in this court, and serve written notice of such filing upon the adverse party, or his attorney."

The purpose of this rule is to enable either party to speed the cause. Under the statute, a party who removes a cause is bound only by the conditions of his bond to file the transcript and have the cause docketed on the first day of the next succeeding term, but the rule authorizes either party to have the transcript filed and the cause docketed immediately after the petition and bond have been filed in the state court.

2. Notwithstanding the nonresidence of the parties, the plaintiff, being an alien, might have commenced this action by original process in this court, and the defendant might have entered an appearance, and, by pleading to the merits, have waived the privilege of objecting to a determination of the controversy by this court, on the ground that it is not an inhabitant of this district, and, that privilege being waived, this court would have full jurisdiction to proceed to a final determination of the rights of the parties. Gracie v. Palmer, 8 Wheat. 699; Pollard v. Dwight, 4 Cranch, 421; Barry v. Foyles, 1 Pet. 311; Toland v. Sprague, 12 Pet. 300–330; Ex parte Schollenberger, 96 U. S. 369–378; Construction Co. v. Fitzgerald, 137 U. S. 98–113, 11 Sup. Ct. 36; Railway Co. v. McBride, 141 U. S. 127–132, 11 Sup. Ct. 982; Railroad Co. v. Cox, 145 U. S. 593–608, 12 Sup. Ct. 905; Southern Pac. Co. v. Denton, 146 U. S. 202–206, 13 Sup. Ct. 44; Railway Co. v. Saunders, 151 U. S. 105, 14 Sup. Ct. 257; Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286; Railway Co. v. Davidson, 157 U. S. 201–208, 15 Sup. Ct. 563; Improvement Co. v. Gibney, 160 U. S. 217–220, 16 Sup. Ct. 272. I am not certain that I have found all of the decisions of the supreme court on this exact point. In

searching for them, and in citing the above list, I have been impelled by curiosity, rather than a sense of necessity, to mass the authorities. It is an interesting fact that the supreme court has been called upon to reiterate so many times the clear declaration of the law by Chief Justice Marshall in the case of Gracie v. Palmer. In the case of Trust Co. v. McGeorge it was expressly ruled that the waiver may be made when the question arises where neither of the parties are residents of the district. The case being one of which the circuit courts of the United States are given jurisdiction by the first section of the act of March 3, 1887, as corrected and amended by the act of August 13, 1888 (25 Stat. 433, 434), the defendant had the right to remove it into this court under the provisions of the second section of said act; for by filing the petition and bond for removal it has waived the right to challenge the jurisdiction of this court, on the ground that the action was not commenced in the district whereof it is an inhabitant, as effectually as that privilege might be waived by any other form or manner of submission to the jurisdiction. Stalker v. Palace-Car Co., 81 Fed. 989.

3. The right of removal in this case was not claimed on the ground of alleged local prejudice in the community, which might be supposed to operate to the disadvantage of the defendant, but solely on the ground of diversity of citizenship, and in such cases the law makes no distinction between aliens and citizens. The right of removal is given to a defendant who is a nonresident of the state in which the action is commenced, whether such defendant be an alien or a citizen of another state. The authorities cited by counsel on this point are decisions in cases of removal on the ground of local prejudice, and cases under different statutes than the one which governs this case.

4. If there is no controversy between the parties, the plaintiff had no occasion to commence this action. His complaint sets forth a claim of rights on his part to be protected, and wrongs on the part of the defendant to be redressed, by the judgment of the court; and the petition for removal states that there is a controversy between plaintiff and defendant, and that the amount and value involved therein exceeds $2,000. I can find no ground for indulging a hope that there may be no controversy between the parties to this action, nor for supposing the record to be defective. Motion to remand denied.