WHITWORTH v. ILLINOIS CENT. R. CO.

(Circuit Court, D. Kentucky. April 9, 1901.)

REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF PARTIES—MOTION TO REMAND.

A defendant, by appearing in the courts of a state in which neither plaintiff nor defendant resided, and filing a bond and petition to remove the case to the federal court, thereby waived his right to be sued in the district of his residence guarantied by Judiciary Act (25 St. 433) § 1, and thereby submitted himself to the jurisdiction of the state court; and hence plaintiff, after removal, is not entitled to have the case remanded on the ground that the federal circuit court had no jurisdiction, in that neither plaintiff nor defendant was a resident of the state in which the suit was brought.

On Motion to Remand Cause to State Court. Denied.

Hendricks & Miller for plaintiff.

Quigley & Quigley and Pirtle & Trabue, for defendant.

EVANS, District Judge. The plaintiff, a citizen of Tennessee, as he alleges in his petition, and as is also stated in the petition for a removal, brought this action in a state court of Kentucky against the defendant, a citizen of Illinois, to recover a sum in excess of $2,000. Upon the petition of the defendant it was removed to this court, and the plaintiff has asked that it be remanded to the state court for trial. The claim to this relief is based upon the provisions of section 1 of the act of August 13, 1888 (25 Stat. 433), by which, in substance, it is provided that the district and circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, over all suits of a civil nature, at common law or in equity, in which there shall be a controversy

between citizens of different states, and in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and by which it is further provided that "no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," and upon that clause in the second section of the same statute which provides "that any suit of a civil nature at law or in equity of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being nonresidents of that state."

Neither of the parties to this action being a citizen, resident, or inhabitant of Kentucky (as, for the purpose of this case, we may assume is the fact), it is contended that the language of the statute above referred to, when properly construed, literally and necessarily excludes the right to remove the case, because, as neither party to the action is a resident or inhabitant of Kentucky, the circuit court of the United States would not, under section 1 of the act referred to, have original cognizance thereof, and consequently that the right of removal does not exist under section 2. Counsel for the plaintiff, in support of the motion to remand, cite the court to the cases of Yuba County v. Pioneer Gold Min. Co. (C. C.) 32 Fed. 183; Telegraph Co. v. Brown, Id. 337; Harold v. Mining Co. (C. C.) 33 Fed. 529; Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672.

Undoubtedly, if there were no other decisions, those in the three cases first named would seem strongly to support the contention of the plaintiff, whatever may be said as to the two others referred to by his counsel. But while the judges who wrote, and those who concurred in, the opinions in those three cases did so rule at a date immediately succeeding the enactment of the statute, those cases have been expressly overruled, and the whole current of decisions since that time has been the other way, and it may be regarded as conclusively established that the right of removal exists in such cases where a general appearance is entered, especially if followed by an answer to the merits of the controversy. The cases are numerous, but the court will refer only to the following: Cowell v. Supply Co. (C. C.) 96 Fed. 769; Creagh v. Society (C. C.) 83 Fed. 849; Duncan v. Associated Press (C. C.) 81 Fed. 417; Long v. Long (C. C.) 73 Fed. 369; Sherwood v. Mississippi Valley Co. (C. C.) 55 Fed. 1; Bank v. Pagenstecher (C. C.) 44 Fed. 705; Uhle v. Burnham (C. C.) 42 Fed. 1; Amsinck v. Balderston (C. C.) 41 Fed. 641; Burck v. Taylor (C. C.) 39 Fed. 581; Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 3; First Nat. Bank v. Merchants' Bank,

Id. 657; Hulbert v. City of Topeka (C. C.) 34 Fed. 511; Wilson v. Telegraph Co., Id. 561; Fales v. Railroad Co. (C. C.) 32 Fed. 673.

Judge Dillon, in his well-approved work on Removal of Causes (in section 96), says:

"At first it was held that if the action was brought against a defendant in a district of which he was not an inhabitant, so that the federal court would not have originally had jurisdiction of it under the first section of the act, it could not be removed under the second section. But this position was soon abandoned. It was next considered that, while the right of removal might depend upon the capacity of the particular federal court to entertain original jurisdiction of the suit sought to be removed, yet the statute permitted the plaintiff to sue the defendant in the federal district of the plaintiff's own residence as well as in that of which the defendant was an inhabitant, where the federal jurisdiction depended only on the fact of a diverse citizenship of the parties; and therefore such a suit was removable by the defendant, if brought in a state court of the plaintiff's own state. But this rule was in turn superseded by a more liberal doctrine. It came to be perceived that the restrictive language of the first section of the act was referable only to suits commenced in a federal court by original process or proceeding, and had no application to suits removed from state courts, and that the word 'jurisdiction' in the clause in the section relating to suits of which the federal courts may have original jurisdiction is not to be taken in the narrow sense of a jurisdiction over the person of the defendant by reason of his residence within certain territorial limits, but in a wider sense, meaning jurisdiction over the whole class of cases enumerated in the statute. Accordingly, it is now well settled that, where the parties are citizens of different states and the other conditions of removability are satisfied, the cause may be removed to a federal court, notwithstanding the fact that neither plaintiff nor defendant is a citizen or resident of the state where the suit is brought, or of the district within the territorial jurisdiction of the federal court to which it is to be transferred."

In the case of Trust Co. v. McGeorge, 151 U. S. 132, 14 Sup. Ct. 286, 38 L. Ed. 98, the supreme court proceeded upon lines which would appear fully to support the doctrine of the cases above cited. There a citizen and resident of New York sued a citizen and resident of New Jersey in the circuit court of the United States for the Western district of Virginia, and, the defendant having appeared generally, the question arose as to the jurisdiction of the court under the act of 1887, as amended by the act of 1888; and after referring to the statutory exemption against being sued in a district in which he did not reside, and of which the defendant might have availed himself, the court said:

"But the defendant company did not choose to plead that provision of the statute, but entered a general appearance, and joined with the complainant in its prayer for the appointment of a receiver, and thus was brought within the ruling of this court, so frequently made, that the exemption from being sued out of the district of its domicile is a personal privilege, which may be waived, and which is waived, by pleading to the merits."

The case of Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, presented the single question of whether a corporation which objected thereto could be sued in a district of which neither it nor the plaintiff in the case was an "inhabitant" or "resident," and, under the statute, the court necessarily answered the question in the negative. The respect in which this case differs from the one just referred to is obvious.

The case of Railroad Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L, Ed. 672, was that of a suit brought in the state court by an assignee who was a citizen of the same state with his assignor. The defendant, a citizen of a different state, removed the case to the circuit court of the United States, and while the supreme court of the United States decided that, owing to the particular provisions of the statute which related to suits by assignees, there was no right to remove that case, yet in the opinion delivered by the chief justice this language is found on page 208, 157 U. S., page 565, 15 Sup. Ct., and page 675, 39 L. Ed.:

"We must hold, therefore, as has indeed already been ruled (Tennessee v. Union & Planters' Bank, 152 U. S. 454, 461, 14 Sup. Ct. 654, 38 L. Ed. 511), that the jurisdiction of the circuit courts on removal by the defendant, under this section, is limited to such suits as might have been brought in that court by the plaintiff under the first section. The question is a question of jurisdiction as such, and cannot be waived. Capron v. Van Noorden, 2 Cranch, 126, 2 L. Ed. 229; Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32. L. Ed. 543. It is true that by the first section, where the jurisdiction is founded on diversity of citizenship, suit is to be brought 'only in the district of the residence of the plaintiff or the defendant,' and this restriction is a personal privilege of the defendant, and may be waived by him. Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659. Section 2, however, refers to the first part of section 1, by which jurisdiction is conferred, and not to the clause relating to the district in which suit may be brought. Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485, 33 L. Ed. 833."

Many cases might be cited the decisions in which turned upon the provisions of the judiciary act of 1789, and the succeeding acts which amended it, in regard to suits by assignees of choses in action; but the decisions in those cases all depended upon the distinct denial, by that legislation, of "jurisdiction" or "cognizance" in the courts of the United States of a suit by an assignee, unless in cases where his assignor could have sued in the federal court also. But the clause in the act of 1888, which refers to the "residence" of the parties, has not been treated as jurisdictional at all, but altogether as a mere personal privilege as to the venue of the action only.

It is apparent, therefore, upon the overwhelming weight of authority, that the removal of this action was complete upon the filing of the petition and bond therefor in the state court, at which time it became the duty of that court to proceed no further in the cause. It seems quite clear, from the language of the petition for a removal, and of the order of the court when it was filed, that the defendant intended to enter a general appearance to the action. It would not do to say that he might remove the cause under a special appearance, and then claim in this court that it had no jurisdiction; for, whether this court has jurisdiction or not, it is manifest that the state court certainly acquired a jurisdiction which cannot be subverted by a mere qualified appearance, entered there for the purpose of removing the action to this court in order to dispute its jurisdiction. The court supposes that it cannot be mistaken upon the authorities that in this particular class of cases the appearance of the defendant, after he has been duly summoned in a way that is not questioned, must always be treated as an unqualified

and general appearance to the action, and for that reason must be regarded as a waiver of all objections to the jurisdiction of this court over the person of the defendant after removal here. But, lest there might be some possible doubt of this proposition, the plaintiff will be given leave to renew the motion to remand, in the event the defendant shall hereafter question the jurisdiction of this court. For the reasons indicated, the motion to remand the case to the state court must be overruled, and the defendant is given until and including the 1st day of May, 1901, to plead herein.