CASE 34—ACTION BY JOHN WHITWORTH, AN EMPLOYE AGAINST THE I.
C. R. R. CO. TO RECOVER DAMAGES FOR PERSONAL INJURY.—
MARCH 24.

# Illinois Central R. R. Co. v. Whitworth.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  REVERSED.

> [On rehearing former opinion affirming withdrawn and judg-
> ment below reversed.  For former opinion, see 24 R., 2044; 70
> S. W., 657.]

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NON-RESIDENCE OF BOTH
PARTIES.

Held:   1. Under Act of Cong., August 13, 1888, section 2, 25 Stat.,
435 [U. S. Comp. St., 1901, p. 509], providing that suits of which
the Federal circuit courts are given jurisdiction, brought in any
State court, may be removed into the Federal circuit court for
the proper district of the defendant or defendants therein being
non-residents of the State, a suit between citizens of different
States may be removed to the Federal court, though neither
party is a resident of the State where the suit is brought.

QUIGLEY & QUIGLEY AND PIRTLE & TRABUE, FOR APPELLANT.

HENDRICK & MILLER, FOR APPELLEE.

> (No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

In the petition for rehearing in this case our attention is
called to the fact that in the decision heretofore rendered in
24 R., 2044, 70 S. W., 657, we failed to pass upon the validity
of the motion of the defendant to transfer the case from
the McCracken circuit court to the United States circuit
court for the Western District of Kentucky  In response to
this contention it is proper for us to say that we did not
overlook the fact that this question was presented by the
record, but, as counsel for appellant in their brief did not

Illinois Cent. R. R. Co. v. Whitworth.

rely upon this alleged error of the circuit court as a ground
for reversal, but were content to rest their contention
wholly upon the merits of the case, we concluded that they
did not desire upon this appeal to rely upon that ground,
but it seems from their petition for rehearing that we have
misconstrued the purpose of counsel, and they now insist
upon a decision upon that point. The plaintiff, a citizen of
Tennessee, as he alleges in his petition, brought this suit
in the McCracken circuit court against the defendant,
whom he alleges is a citizen of Illinois, to recover a sum in
excess of $2,000. The defendant tendered and filed its
petition and bond for removal to the United States circuit
court for the Western District of Kentucky upon the ground
of diverse citizenship, but the McCracken circuit court de-
cided that no ground for removal existed, and thereupon
the defendant, under protest, answered, and made defense.
The trial resulted in a verdict and judgment for the plain-
tiff. In the meantime a copy of the record in the McCrack-
en circuit court was filed by the defendant in the United
States circuit court for the Western District of Kentucky,
and the plaintiff appeared in that court, and asked that it
be remanded to the State court for trial, basing its claim
to this relief upon the provision of section 1 of the act
of August 13, 1888, 25 Stat., 433 [U. S. Comp. St. 1901, p.
508]. The motion to remand in the federal court was over-
ruled.

Article 3, section 2, of the Constitution of the United
States, defines the extent of judicial power which may be
conferred upon courts of the United States as follows:
"The judicial power shall extend to all cases in law or equi-
ty arising under this Constitution, the laws of the United
States, and treaties made, or which shall be made, under
their authority; to all cases affecting ambassadors, or other

public ministers and consuls; to all cases of admiralty or maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between different States, between a State and citizens of another State, between citizens of different States, between citizens of the State claiming lands under grants of different States, and between a State, or the citizens thereof, and foreign States, citizens or subjects." The enforcement of this provision of the federal Constitution was for a very long time controlled by Judiciary Act 1789, section 11, 1 Stat., 78. But other acts were passed from time to time by the Congress of the United States conferring upon the circuit courts of the United States various special jurisdictions, but the present general right to remove a suit from a State to a circuit court of the United States is governed by section 2 of the act of 1875, as amended by the acts of 1887 and 1888 [U. S. Comp. St. 1901, p. 509]. An interesting history of these various acts is found in "Moore on Removal of Causes." The second section of the act of 1875, as amended by the act of 1887, reads as follows: "When in any suit mentioned in this section there shall be a controversy, which is wholly between citizens of different States and which can be fully determined between them, then either one of some of the defendants, actually interested in such controversy, may remove such controversy to the Circuit Court of the United States for the proper district." And section 1 of the act of August 13, 1888 (25 Stat., 434 [U. S. Comp. Stat. 1901, p. 508]), amending the act of 1875, provides: "The District and Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States, over all suits of a civil nature at common law or in equity, . . . in which there shall be a controversy between cit-

izens of different States, in which the matter in dispute
exceeds, exclusive of interest and costs, the value of" $2,-
000.  And the act further provides that no civil suit shall
be brought before either of said courts against any person
by any original process or proceeding in any other district
than that whereof he is an inhabitant.  But when the jur-
isdiction is founded only on the fact that the action is be-
tween citizens of different States, suits shall be brought
only in the district of the residence of either the plaintiff
or the defendant.  The second section of the same act (25
Stat., 435 [U. S. Comp. St. 1901, p. 509]), provides that:
"Any suits of a civil nature, at law or in equity, of which
the Circuit Courts of the United States are given jurisdic-
tion by the preceding section, and which are now pending
or which may hereafter be brought in any State court, may
be removed into the Circuit Court of the United States for
the proper district of the defendant or defendants therein
being non-residents of this State."  As neither of the par-
ties to this action are citizens or inhabitants of Kentucky,
it is contended, under section 2, that the case is not remov-
able, and appellees refer to Shaw v. The Mining Co., 145
U. S., 144, 12 Sup. Ct., 935, 36 L. Ed., 768, and Railroad
Co. v. Davidson, 157 U. S., 201, 15 Sup. Ct., 563, 39 L. Ed.,
672.  The question decided in the first case was that a
corporation created by one State did not become a resident
of another for jurisdictional purposes by establishing a
place of business therein.  And in the second it was decid-
ed that an action by an assignee, where an assignor could
not maintain his suit in a federal court, was not removable.
In the case of the Central Trust Co. v. McGeorge, 151 U. S.,
133, 14 Sup Ct., 286, 38 L. Ed., 98, it was held that exemp-
tion from being sued out of the district of its domicile was

a privilege which a corporation might waive, and which was waived by pleading to the merits of the controversy without objection. But the case clearly recognizes the right of transfer to the federal court where the citizenship of the parties is diverse. And this case seems to be in accord with the current of the recent decisions of the federal court on this question. See Cowell v. Supply Co. (C. C.), 96 Fed., 769; Creagh v. Society (C. C.), 83 Fed., 849; Duncan v. Associated Press (C. C.), 81 Fed., 417; Long v. Long (C. C.), 73 Fed., 369; Sherwood v. Mississippi Valley Co. (C. C.), 55 Fed., 1; Amsinck v. Balderston (C. C.), 41 Fed., 643; Uhle v. Burnham (C. C.), 42 Fed., 1; Burck v. Taylor (C. C.), 39 Fed., 581; Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.), 37 Fed., 3; First Nat. Bank v. Merchants' Bank (C. C.), 37 Fed., 657, 2 L. R. A., 469; Hulbert v. City of Topeka (C. C.), 34 Fed., 511; Wilson v. Telegraph Co. (C. C.), Id., 561; Fales v. Railroad Co. (C. C.), 32 Fed., 673. And Judge Dillon, in his well-approved work on Removal of Causes (section 96), says: "At first it was held that, if the action was brought against a defendant in a district of which he was not an inhabitant, so that the federal court would not have originally had jurisdiction of it under the first section of the act, it could not be removed under the second section. But this position was soon abandoned. It was next considered that, while the right of removal might depend upon the capacity of the particular federal court to entertain original jurisdiction of the suit sought to be removed, yet the statute permitted the plaintiff to sue the defendant in the federal district of the plaintiff's own residence as well as in that of which the defendant was an inhabitant, where the federal jurisdiction depended only on the fact of diverse citizenship of the parties; and therefore such a suit was removable by the de-

Illinois ·Cent. R. R. ·Co. v. Whitworth.

fendant if brought in the State court òf the plaintiff's own State. But this rule was in turn superseded by a more liberal doctrine. It came to be perceived that the restrictive language of the first section of the act was referable only to suits commenced in a federal court by original process or proceeding, and had no application to suits removed from State courts, and that the word 'jurisdiction' in the clause in the section relating to suits of which the federal court may have original jurisdiction is not to be taken in the narrow sense of certain territorial limits, but in a wider sense, meaning jurisdiction over the whole class of cases enumerated in the statute. Accordingly, it is now well settled that, where the parties are citizens of different States, and the other conditions of removability are satisfied, the cause may be removed to the federal court, notwithstanding the fact that neither plaintiff nor defendant is a citizen or resident of the State where the suit is brought, or of the district within the territorial jurisdiction of the federal court to which it is to be transferred."

It is evident that under the section of the Constitution quoted supra the Congress of the United States is authorized, where there is a controversy between citizens of different States, to confer jurisdiction for the determination of such controversy upon the federal courts, and to provide for the removal of suits involving such an issue from the State to the federal courts And a careful review of the decisions of the federal courts construing the statute regulating this question has satisfied us that the circuit court of McCracken county had no jurisdiction to hear and determine this controversy after the defendant had complied with the provisions of the federal statute, and had petitioned for its removal. Nor was the right of transfer waived by the defendant in pleading under protest to the

issue in the State court. See National S. S. Co. v. Tugman, 106 U. S., 122, 1 Sup. Ct., 58, 27 L. Ed., 87.

For reasons indicated, the opinion heretofore delivered is withdrawn, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.