ROBERT et al. v. PINELAND CLUB et al.

SANDERS et al. v. SAME.

(Circuit Court, D. South Carolina. August 4, 1905.)

1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—DISTRICT OF SUIT.
   Where the parties to a suit in a state court are citizens of different states, and the other conditions necessary to make the cause one of federal cognizance exist, it is removable by the defendant, although neither party is a citizen or resident of the state in which suit is brought.
   [Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 60.
   Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. SAME—TIME FOR FILING PETITION.
   Where, in a suit in a state court against an unincorporated association to recover lands the title to which was vested in defendant's trustees, the court held that such trustees were necessary parties, and they were thereupon brought in, the cause was removable on a petition filed by them in apt time after the service of process on them, although the time for the filing of an answer by the association had expired.

On Motion to Remand to State Court.

C. J. Colclock and A. McS. Bostick, for plaintiffs Robert and others.
Jas. A. Harley, for plaintiffs Sanders and others.
W. S. Smith, W. B. De Loach, and Smythe, Lee & Frost, for defendants.

BRAWLEY, District Judge. 1. It is contended that, inasmuch as neither plaintiffs nor petitioning defendants are citizens of South Carolina, this court has no jurisdiction. It was so held at one time, but more recent decisions of the federal courts are to the effect that the restrictive language of the first section of the act applies only to suits commenced in the United States courts by original process, and that they have no application to suits removed from the state courts. Judge Dillon, in his work on Removal of Causes, says:

"It is now well settled that where the parties are citizens of different states, and the other conditions of removability are satisfied, the cause may be removed to the federal court, notwithstanding the fact that neither plaintiff nor defendant is a citizen or resident of the state where the suit is brought, or of the district within the territorial jurisdiction of the federal court to which it is to be transferred."

Judge Newman, in Rome Petroleum, etc., Co. v. Hughes, etc., Co. (C. C.) 130 Fed. 585, reviews the decisions, quoting Judge Shiras in Fales v. Chicago, etc., R. R. Co. (C. C.) 32 Fed. 673:

"It seems to me that the question of federal cognizance is confounded with question of the place of bringing suit by original process. The latter question has nothing to do with the right of removal. The question whether an action might have been brought by original process in any federal court is material in order to determine whether it was a case of federal cognizance; but, that question being decided in favor of federal jurisdiction, the question of the proper place or district in which the suit might have been brought by original process is wholly immaterial on the question of removal." And again:

"If a suit is brought in a case of federal cognizance in a court of a state of which the defendant is not a resident, then the election is given to such nonresident defendant to carry the case by removal into the federal court."

In Whitworth v. R. R. Co. (C. C.) 107 Fed. 557, Judge Evans held that a nonresident defendant, although neither plaintiff nor defendant was a citizen of the state in which suit was brought, could remove it to the federal court. Judge Newman therefore held that the case was removable.

The same question was decided by Judge Simonton, of this circuit, in Virginia-Carolina Chemical Co. v. Sundry Insurance Companies (C. C.) 108 Fed. 452. The syllabus (No. 3) gives the substance of his decision in these words:

"An action brought by B., a Virginia corporation, under these circumstances, in the state court, against a corporation of another state, is removable into the federal court at the instance of the defendant corporation, notwithstanding that neither the defendant corporation nor the plaintiff corporation is a resident of South Carolina."

Chief Justice Burnam, of the state Court of Appeals of Kentucky, in Ill. Central R. Co. v. Whitworth (Ky.) 73 S. W. 766, decides (March 24, 1903):

"That a suit between citizens of different states may be removed to the federal court, though neither party is a resident of the state where the suit is brought."

Judge Keller, in Foulk v. Gray (C. C.) 120 Fed. 156, in a carefully prepared opinion, cites the cases on both sides, and, while saying that "the trend of authority is distinctly in favor of the proposition" that such a case is removable, holds, as there is no authority strictly binding upon him, that the court does not have jurisdiction except by consent of both parties; that while the defendant waives objection to removal the plaintiff cannot be held to have waived his right to object by bringing the suit in the state court. Judge Simonton, in the case already cited, says:

"The right of removal is given wholly to the defendant, without any reference in a remote degree to the plaintiff or his wishes; so no waiver on the part of the plaintiff is necessary or proper."

As the great weight of authority is on the side of the right of removal, and as my predecessor in this circuit has so expressly decided, I feel myself bound to overrule the objection on this point.

2. The second ground upon which the motion to remand rests is that the petition for removal was not filed in proper time. These suits were begun in 1902 in the state court to recover a part of the lands alleged to be in the possession of the Pineland Club. The record before me is very imperfect. It appears in the second of the cases above stated that in the original complaint the Pineland Club, John F. Garnett, president, Edward E. Denniston, and Edward W. Clark, Jr., trustees, were named as defendants; but it does not appear that the trustees were served, and by order of the court made October 7, 1903, upon motion of plaintiff's attorneys an amended complaint was substituted, and the Pineland Club was

named as the sole defendant. In the first of the cases stated it appears that the Pineland Club was the only defendant named. Service was made by leaving a copy with the wife of Garnett, who was the president of the club, and a citizen of South Carolina, since deceased. The Pineland Club is an unincorporated association, and the lands in controversy are held as a shooting preserve. After the cases had been pending for some time, the trustees above named filed their petition (Ripley having been meantime substituted as one of the trustees in lieu of Denniston) setting forth the pendency of the suits, and that the petitioners were seised in fee and in actual possession of the lands in controversy, and that, this being an action for the recovery of real property, the petitioners were proper and necessary parties to a complete determination of the controversy; and by order of the court, October 7, 1904, the trustees were made parties. A petition for removal was filed November 7, 1904. There is no doubt that the petition was filed in proper time after service upon them of the amended complaint whereby they were made parties, but it is contended that, inasmuch as the petitioners individually were members of the Pineland Club, they were already parties by service upon the president of the club, and therefore that the petition for removal comes too late. The legal title to the lands in controversy is in the petitioners as trustees. The Pineland Club, as already stated, was an unincorporated association. Whether such an association could hold land was somewhat discussed in the argument before me, but it is unnecessary to go into the learning on that subject, for I need not decide whether it could or could not, the fact being that it did not, for the legal title is indisputably in the trustee, and, the state court having decided that the trustees were necessary and proper parties, that decision is binding, even if I entertained a doubt, which I do not. It is true that these trustees, as individuals, were beneficially interested in the land, and it might be that for some purposes service upon the president of the club might bind them. I express no opinion on that point, because the record does not disclose the precise nature of the Pineland Club, or the authority of its president; but concurring, as I do, in the view of the state court, that the trustees who hold the legal title are proper and necessary parties to a controversy affecting the title to the lands in question, I must hold that the objection that the petition for removal was not filed in the proper time is not well taken.

The motion to remand is therefore refused.